Robinson v. Brinson.

## J. B. ROBINSON v. M. J. BRINSON AND ANOTHER.

It is no objection to an appeal bond, that it is conditioned to prosecute the appeal with effect *or* perform the judgment, sentence or decree of the Supreme Court, instead of, *and* perform the judgment, &c., the word used in the statute.

A general denial, not under oath, in a suit on a note, imposes on the plaintiff the duty of producing and offering the note in evidence; or in case the note is lost, of proving its execution and contents; a demurrer to such plea cannot therefore be sustained.

A plea of failure of consideration of a note sued on, showed that the note was assigned by the payees after maturity; that it was given on a settlement, as the balance due the payees, who were millwrights, for services and labor by them performed in building a mill for defendant; that they had contracted to do the work in a good, faithful, substantial and workmanlike manner; that defendant was ignorant of the defects, being no judge of such work, at the time of settlement; that said work was not done in a faithful, substantial and workmanlike manner; and then proceeded to point out certain defects, and claimed $1000 damages; held to be good on demurrer; but, as the case would be remanded on another ground, said plea might be amended if necessary.

Robinson v. Brinson.

Appeal from Tarrant.    Tried below before the Hon. Nat. M. Burford.

The facts are stated in the Opinion.

*J. J. Good*, for appellant.    It was error to sustain the demurrer to the general denial.    (Matossy v. Frosh, 9 Tex. R. 610; Able v. Chandler, 12 Id. 88.)    The plea of partial failure of consideration was good.    (Hart. Dig. Art. 2521.)

*A. Y. Fowler*, for appellees.    I. First, upon motion to dismiss; the statute (Hart. Dig. Art. 789) prescribes the condition of the appeal bond.    This bond does not afford the appellees that security intended by the statute, and for this reason should be dismissed.    (1 Tex. R. 99–101.)

II. A general denial is no answer to a suit upon a promissory note.    (1 Chitty, Plead. 515.)

III. The plea of partial failure of consideration did not show sufficient grounds for the relief prayed.    The appellant, at the settlement made with Mauck and Mann, after the mills, &c., were constructed and in operation, should have used due diligence to prevent fraud or imposition; if he then relied wholly upon the representations of his millwrights, when a man of ordinary discretion could have seen the defects mentioned in this plea, he did so at his own peril; he had full opportunity to investigate for himself and test the speed of the mills and the strength and capacity of its wheels.

A Court will not lend its aid to a party injured by his own laches, or negligence.    And in all other respects the allegations in this plea are too general and indefinite to afford any grounds of relief.

ROBERTS, J.    Appellees move to dismiss the appeal because of an alleged defect in the bond.    The condition stipulates that " if the said Robertson shall prosecute his said suit with effect in the Supreme Court, or perform the judgment, sentence or decree of the Supreme Court, in case the decision of said Court shall be against appellant."    The word " or" is used instead of the word " and," as prescribed in the statute.    It cannot be perceived that the meaning of the condition is thereby altered. Indeed the appellant cannot " prosecute his appeal with effect" and at the same time " perform the judgment, sentence or de-

cree of the Supreme Court, in case the decision of the Court shall be against him." His obligation is alternative, to do one or the other. Therefore, although the statute uses the word " and," in connecting the two alternative obligations, the meaning is more appropriately expressed by the word " or." We think the bond is good and the motion must fail.

Appellees brought suit on the note, as assignees of Mauck and Mann, against the appellant.

The appellant filed a general denial, and also a plea of failure of consideration.

The appellees excepted to the whole answer, and their exceptions were sustained, and judgment *nihil dicit* rendered for the amount of the note.

The question arises upon the decision of the Court in sustaining the exceptions.

It has been held that the general denial is not a plea, that the Court can disregard in an action on a note; and that for some purpose it is a good plea, although it be not sworn to. (Guess v. Lubbock, 5 Tex. R. 53.) The statute requiring the plea denying the execution of the note to be sworn to, is a statute regulating the evidence, and not the pleading. If the note is lost, its execution must be proved, although the plea is not sworn to. If, on the other hand, the note be produced on the trial, the plea, not sworn to, does not put in issue its execution. (Hart. Dig. Art. 741.) Hence it has been determined that it imposes on the plaintiff the duty of producing and offering in evidence the note sued on.

· The plea of failure of consideration shows that the note was assigned after its maturity ; that it was given, on a settlement, ·as the balance due Mauck and Mann, who were millwrights, for services and labor by them performed in building a mill for appellant ; that they had contracted to do the work in a good, faithful, substantial and workmanlike manner ; that appellant was ignorant of the defects, being no judge of such work, at the time of settlement ; that said work was not done in a faithful, substantial, workmanlike manner ; and then proceeds to point out certain defects, and claims one thousand dollars damages. The defects pointed out were, that the water-wheels were weak and not substantial and were continually breaking, and that they were placed too high for the head of water, and that he had to employ other workmen to repair the machinery.

It is maintained on the part of appellees, that at the time of

Robinson v. Brinson.

giving the note the machinery was open to appellant's inspection, and that therefore he was concluded by the settlement. This conclusion does not follow in this case, for it is alleged that Mauck and Mann had undertaken to do the work in a particular manner, and that appellant was then ignorant of whether or not it was so done; and not being skilled in such business, was not capable of determining that fact. It is well known, too, that those who are even somewhat skilled in machinery, may not be able, by mere theoretical knowledge, to detect its defects, until the moving power has been satisfactorily applied. Much less, then, should a man entirely ignorant of it be held to have accepted the work, with all its intrinsic defects, by the implication arising from having promptly settled and given his note.

It is contended also, that the defects pointed out are too general and indefinite to constitute grounds of relief. The force of this objection is not perceived; particularly as these are mere specifications under the general breach. If the wheels were too weak, and were set too high, to answer their appropriate purpose, these facts were certainly inconsistent with the machinery being made in a workmanlike manner, in reference to the alleged contract. The specifications of defects, so far as they go, are sufficiently plain and pointed, and are in support of and in harmony with the general breach, that the work was not done in a faithful, substantial and workmanlike manner.

So far as any alleged defects of this plea have been pointed out in argument, we cannot say that the plea is bad. As the ruling of the Court was erroneous in disregarding the general denial, and the case must be remanded on that ground, a more critical examination of the plea of failure of consideration will be dispensed with. Below it may be amended if necessary. Judgment reversed and cause remanded.

Reversed and remanded.