## S. L. FOWLER AND OTHERS V. B. P. BUCKNER.

The statute provides, (O. & W. Dig. O. S. Art. 439,) that "no application for a continuance shall be heard, before the defendant files his defence :" *Held*, that although a general denial is an answer, it can only be said to be a " defence," so far as to put the plaintiff upon proof of his case.

In an action on a promissory note, where the only answer filed by the defendant, is a general demurrer and a general denial, it is not error to refuse the defendant a continuance, although his affidavit may be in compliance with the statute, in regard to showing the absence of a material witness, that he has used due diligence, &c.

It is true, that the statute prescribes the conditions upon which a first and second continuance of a cause shall be granted; and, as a general rule, a party will be entitled to a continuance, whenever he brings himself within the terms of the statute; but this general rule is, of necessity, subject to some exceptions, and the statute must receive such a construction as will be consistent with its meaning and intent. On an application by the defendants for a continuance, the court refused to grant it, because no sufficient defence had been filed, whereupon, the defendants' attorney made an affidavit that he had filed a plea, (which, as shown by the affidavit, set up a defence against the interest on the plaintiff's claim,) and the court still refused to grant a continuance; after judgment against the defendants for the amount sued for, on a motion for a new trial, based on the alleged error in such refusal, it appeared that the plea referred to, had been in the possession of the defendants' counsel, and was mislaid by him in his office before, and at the time of the trial, whereupon the motion was overruled; *Held*, that the ruling of the court on the application for a continuance, was an exercise of judicial discretion, which this court would not undertake to revise. Where a judge acts arbitrarily, to the detriment of a suitor, this court will grant relief. But the case must be a plain one. There must be no room for mistake.

APPEAL from Harris. Tried below before the Hon. Peter W. Gray.

This was a suit by the appellee, against the appellants, Samuel L. Fowler, E. S. Bell, and A. A. Tucker, on a promissory note for $600.

On the trial of the case, there appeared among the papers, an answer of the defendants, containing a general demurrer, and a general denial. The defendant, Tucker, applied for a continuance. The affidavit in support of it, set forth the absence of a witness, (naming him,) whose testimony was material; that

the affiant had used due diligence to procure his testimony, by causing the said witness to be served with a subpœna; and containing the other requirements prescribed by the statute for a first application for a continuance. The residence of the witness was not stated. The trial was had at the appearance, or first term after the institution of suit. The continuance was refused, "because the affidavit appeared insufficient; and also because the pleadings then on file, (the original answer,) showed no ground for a defence."

The defendants' counsel, thereupon, made and filed an affidavit, that he had filed a plea of usury as a defence. The court still refused the continuance, to which the defendants excepted. There was judgment for the plaintiff against the defendants for the amount of the note and interest; and a motion for a new trial, on the ground that there was error in refusing to grant the continuance. On the hearing of this motion, it appeared that the plea of usury referred to, had been in the possession of the defendants' counsel, and was mislaid by him, in his office, before and at the time of the trial of the cause.

The original answer of Tucker was filed on the 1st of June; leave was granted the defendants to amend, June 8th; the amended plea, setting up defence of usury, was filed June 8th. Trial and judgment, June 11th. The motion for a new trial was overruled.

*F. H. Merriman*, for the appellants.

*Henderson & Johnstone*, for the appellee.

BELL, J.—We are of opinion that the court below did not err in overruling the motion for a continuance, upon the ground that the answer which appeared on file, when the motion was submitted, disclosed no defence. It is true, that the statute prescribes the conditions upon which a first and second continuance of a cause shall be granted; and, as a general rule, a party will be entitled to a continuance whenever he brings himself within

the terms of the statute. But this general rule is, of necessity, subject to some exceptions. A party, for instance, might present an application for a continuance for want of the testimony of a witness, who was, in fact, in the view of the presiding judge, or within the call of the sheriff. In such case, it could not be pretended, that a party would be entitled to a continuance, merely because his application was in strict conformity with the statute. The statute then must receive such a construction as will be consistent with its true meaning and intent.

The statute provides, that "no application for a continuance shall be heard before the defendant files his defence." This provision has relation to applications by the defendant: because, if no answer is filed, the plaintiff can have judgment by default in most cases, and will have no disposition to apply for a continuance. The object of this provision was, doubtless, to enable the court to protect itself against unfounded applications for the continuance of causes, by looking to the defendant's answer, to see if any foundation was there laid for the introduction of testimony. The statute employs the word "defence," instead of the general term answer. A general denial of the allegations of a plaintiff's petition is an answer, but can only be said to be a "defence," so far as to put the plaintiff upon proof of his case. The general denial is an answer or a defence, but does not present such an issue as lays a foundation for testimony on the part of the defendant.

We think, therefore, that the court may look to the defendant's answer, when he submits a motion for a continuance, to see if any foundation is there laid for the introduction of the testimony, for the want of which he asks for the continuance.

The court below, then, did not err in refusing the continuance, when the motion was first submitted, because the answer of the defendants, then on file, disclosed no defence.

The refusal of the judge who presided below, to grant the continuance, when the defendant disclosed by his affidavit the fact that a special plea had been filed, was an exercise of judicial discretion, which this court will not undertake to revise. Where

a judge acts arbitrarily, to the detriment of a suitor, this court will grant relief. But the case must be a plain one. There must be no room for mistake. The judge below is nearer to the case than this court is. He sees all the circumstances. He knows the parties. And experience teaches, that where the propriety of a judge's conduct in a matter of practice, is called in question, the narrative presented by the record conveys, in most cases, but a very imperfect idea of what really transpired. We are to presume that a judge is impartial, and that he is influenced in his actions only by a desire to do justice, and to preserve a proper regularity in the proceedings of his court. In the present case, the defendant had no right to complain that the court did not consider a plea, which did not appear amongst the papers of the cause. The plea ought to have been in court, and not in the office of the defendant's counsel. Whether the absence of the plea from the file was an impropriety on the part of the defendant or his counsel? whether it was merely accidental, or such an instance of carelessness as did not entitle the party to the indulgence of the court? are questions which the judge below was more competent to decide than we are, and we will leave the matter where he left it. The judgment is affirmed.

Judgment affirmed.