Jordan v. Robson.

HUGH JORDAN AND ANOTHER V. ROBERT ROBSON.

See this case for a showing for a first continuance *held* to have been improperly overruled, the circumstances excusing the want of the ordinary statutory diligence.

The only purpose and object of the statutory provision (O. & W. Dig., art. 469,) authorizing the admission in evidence of legally recorded instruments without proof of their execution, unless the opposite party file, within one day after notice, an affidavit impeaching them, was to relieve parties from the burden of proving the execution of such deeds as at common law, unless so impeached by affidavit.

The failure to file the affidavit impeaching such a deed gives to the deed the same force, and no more, as if its execution had been testified to by the subscribing witnesses; but does not estop or preclude the opposing party from disproving the execution of the deed, or from showing that it was a forgery.

If the party offering the deed should be taken by surprise, in consequence of the failure of his opponent to file an affidavit impeaching it, the court can afford a remedy in proper cases, by the power of granting new trials.

APPEAL from Calhoun.    Tried below before the Hon. Fielding Jones.

Trespass to try title to a half of a league of land in Calhoun county, brought by Robson, the appellee, against Hugh Jordan, on the 22d of July, 1857.

The cause was continued for service at the Fall Term, 1857, and the two next ensuing terms.    At the Spring Term, 1859, George W. Garrett was, on motion, made a party defendant with leave to defend.    The defendant pleaded the general issue and the limitation of five years, and suggested improvements in good faith.

At the Fall Term, 1859, the cause was continued at the instance of the plaintiff.    At the Spring Term, 1860, a trial was had, resulting in verdict and judgment for the defendant, which, by agreement of the parties, were set aside and the cause reinstated on the docket, at the cost of the plaintiff up to date of agreement.

At the Fall Term, 1860, the defendant Garrett made his affidavit for the first continuance asked by the defendants, which affi-

davit was as follows: " I, Geo. W. Garrett, one of the defendants in the above entitled cause, being sworn, state on oath that the defendants can not safely go to trial at the present term of the court for want of testimony which is material to their defence: that on the 4th day of October, 1859, the plaintiff filed in this cause as evidence of his title two deeds—one dated June 4th, 1855, by which John Low, by his attorney R. Robson, (the plaintiff,) conveys to one W. G. Banks the land claimed by this defendant, for the consideration of one thousand dollars; the other deed is dated June 9th, 1855, by which the said Banks, for the consideration of one thousand dollars, conveys the same land to Robert Robson. Also, a deed purporting to be from John Low to the plaintiff for the land claimed by this defendant, dated April 2d, 1857, which last named deed was not recorded; that at the last May Term of this court, there was a trial of this cause, and the plaintiff took a non-suit, and the cause was reinstated on the docket by consent of this defendant; that since the said trial of said cause, he has become satisfied, and so charges the fact to be, from the best information which he can obtain, that the said deed dated 2d April, 1857, was not executed by John Low, by whom the plaintiff claims it to have been executed; that the party who held a deed for said land, and from whom the plaintiff claims to have derived title, was a Scotchman and would have been, in 1857, far advanced in years; that the party who claims to have executed said deed, describes himself as a citizen of Prince William county, Virginia; that so soon as this defendant became aware of the fact that said deed was fraudulent, he used due diligence to procure the testimony to establish the fact—first, by writing to John W. Tyler, the judge before whom said deed purported to have been acknowledged, from whom he received an answer in June last, that the party who acknowledged the deed was unknown by him; that this defendant immediately employed an agent and attorney to make search and examination in said county of Prince William for said Low, with whom he has continued to correspond up to this time; that the last letter which he has received from him, which was but a few days ago, he is advised by his said agent, that he has examined the assessment and votes of said county, the va-

rious county officers and a great number of other persons who were well acquainted with the people of said county, and that he has as yet been unable to learn that there ever did reside in said county but one person by the name of John Low, and that he was in 1857, under 21 years of age; that his said agent is now making further examinations; and this defendant further shows that he expects to be able, before the next term of this court, to establish by competent testimony in this case, that the said pretended deed, purporting to have been executed by the said John Low, is a fraud; and that the said deed never was executed by John Low, who is claimed to be the grantor in said deed.

"And this defendant further states that the reason why he did not deny, under oath, the execution of said deed within one day after the same was filed was, that he was not sufficiently advised of the fact at that time to justify him in making said affidavit. He further states that he expects to have said testimony at the next term of this court, and that this application is not made for delay," &c.

The deed from Low to the plaintiff, dated the 2d of April, 1857, referred to in the foregoing affidavit, was acknowledged on the 7th of August, 1857, before J. W. Tyler, judge of the 9th judicial circuit in the State of Virginia, and was filed for record in Calhoun county, Texas, on the 7th of May, 1860.

The court overruled the application for a continuance, and the cause proceeded to a trial, at which the plaintiff, in evidence, produced his deed from John Low, which was an essential link in his chain of title. Verdict and judgment for plaintiff. Defendants moved for a new trial, assigning the refusal of the continuance and other causes. Motion overruled and defendants appealed; also, assigning for error the refusal of the continuance and other causes.

*Holt & Finlay*, for the appellants.

MOORE, J.—The application for a continuance by the appellants, who were defendants in the District Court, should have been granted. It was the first application for a continuance. The affidavit showed facts tending to prove a complete and effectual de-

Jordan v. Robson.

fence to the plaintiff's action. All reasonable diligence seems to have been used in preparing for trial, and the circumstances of the case sufficiently excuse the want of the ordinary statutory diligence entitling a party to a continuance.

The ground upon which the application was overruled by the court is not stated in the record. Counsel say, in their brief, that it was refused by the court upon the ground that the defendants had failed to file an affidavit impeaching the genuineness of the deed under which the plaintiff claimed, within one day after the same was filed and notice thereof given to the defendants, as directed in art. 469, O. & W. Dig. The court, it is said, holding the failure of the defendants to impeach the deed by affidavit within one day after they received notice of its filing, as an admission of its genuineness, which precluded them from afterwards impeaching it. If this was the ground upon which the court acted in refusing the continuance, we are clearly of opinion that it was controlled by an erroneous construction of the statute. The only purpose and object of this law was to relieve parties, unless their deeds were impeached by the affidavit of the opposite party, from the burthen of proving their execution in accordance with the common law rule, upon the trial of the case. The failure to file an affidavit impeaching the deed gives it the same force, and no more, as if its due execution had been proved upon the trial by the subscribing witnesses. But it does not estop or preclude the opposite party from the introduction of testimony to disprove it, or from showing it to be a forgery. His doing so without previous notice to his adversary, might furnish him with a good ground for a new trial, if, in the opinion of the court, there was a probability of injustice having been done by the verdict.

The judgment is reversed and the cause remanded.

Reversed and remanded.