JOHN HAMPSHIRE AND WIFE V. JOHN D. FLOYD.

1. A general denial is sufficient to require a party who relies on a lost instrument of writing to prove its execution, and he will not be permitted to give evidence of its contents until this is done.
2. Any instrument by which a married woman attempts to convey her separate estate, which is not executed in the manner required by the statute, is a nullity, and without binding force.

APPEAL from Bastrop. Tried below before the Hon. J. P. Richardson.

This was an action of trespass to try title, brought by Hampshire and wife. Floyd claimed the land as a purchaser from Phil. Claiborne, and alleged that Hampshire and wife, by contract in writing, agreed with Claiborne to convey to him the land in consideration of professional services rendered in a controversy about land of which this tract formed a part. The evidence showed the former existence and loss of a contract to convey the land to Claiborne, and that the names of Hampshire and wife were signed to that contract. The court permitted this evidence without first requiring Floyd to prove that the instrument was signed and acknowledged by Hampshire

and wife, as required by the statute, which action of the court is assigned for error. Verdict and judgment for Floyd.

No brief on file for appellant.

*Jones & Sayers*, for appellee.—If the agreement between appellants and Claiborne was merely a contract and not a conveyance, we then urge that the rule relative to the separate acknowledgment of the wife does not apply, and that in ascertaining the law of the case, we are concluded by the provisions of Article 4643, Marital Rights, Paschal's Digest. It is not disputed that Claiborne did render certain legal services for Mrs. Hampshire in pursuance of the agreement, and that these services were for the benefit of her separate property.

The court below, conceiving this agreement to be a conveyance of land, was governed in his charge by the provisions of Article 1003, Paschal's Digest, and did injustice to appellee. If it be held that the charge was erroneous, the judgment will not be reversed, because the jury disregarded it. (See Hubby v. Stokes, 22 Texas, 221.)

OGDEN, P. J.—There was error in the ruling of the court on the trial of this cause, in the admission of evidence of the contents of the lost agreement between Phil. Claiborne and Hampshire and wife, until the execution of the agreement by the parties sought to be charged therewith had been established by proof. There was a general denial of the allegations of the answer, or cross-bill, and this put in issue all the material facts to be proven. Articles 1443 and 3716, Paschal's Digest, provide for the admission in evidence of written instruments under certain circumstances, without the necessity of proving their execution, but in every case profert of the instrument must be made or its execution must be proven. This doctrine

is clearly enunciated in Erskine v. Wilson, 20 Texas, 80; in Robinson v. Brinson, 20 Texas, 441, and in Jordon v. Robson, 27 Texas, 615.

These statutes were passed to relieve, in some respects, the rigor of the common law in the requisites to prove up written instruments. But where there is an allegation of a lost instrument, or one that cannot be produced, then the execution should be clearly established before proof of its contents is admitted, and any departure from this rule might deprive parties of one of the most important means of defending their rights. The wisdom of this rule is clearly demonstrated in the facts of this case.

A married woman is sought to be charged with the sale or alienation of real estate, when it is admitted that she never executed a deed, or even an agreement to make a deed, under the forms prescribed by law.

The statute points out the mode by which a married woman may be charged with the sale of her separate estate, and until that mode has been fully complied with any act by her must be regarded as a nullity, without any binding force.

Claiborne may have had a claim against Mrs. Hampshire, which, if properly prosecuted, might have subjected her separate property to its satisfaction, but certainly that remedy has not been pursued in this case, and she having never, in any manner, parted with her title to the land in controversy, must recover in this action.

Nor can the appellee claim to be an innocent purchaser, for he knew, or might have known by consulting the records, that the title had never passed from Mrs. Hampshire; and on his purchase from Claiborne he received only what title his vendor had, which was no title at all, as shown by the record. Had the instrument about which Claiborne testified been before the court, signed by Hampshire and wife, without her privy acknowledgment,

still it would have been the duty of the court to have instructed the jury that it was no evidence that Mrs.. Hampshire had parted with her title, and no foundation: for any claim for title by Claiborne or his vendee. (Berry v. Donley, 26 Texas, 737.)

For the errors here indicated, the judgment is reversed. and the cause remanded.

REVERSED AND REMANDED.