## J. T. SULLIVAN & Co. v. J. M. McFARLAND.

### (No. 2028, Op. Book No. 2, p. 503.)

APPEAL from McLennan County. Opinion by WATTS, J.

**§ 1198.** *Appeal bond from justice's court; made payable to a firm, is sufficient.* The appeal bond in this case, on appeal from justice's to county court, was made payable to appellants "J. T. Sullivan & Co.," without naming the members of that firm. *Held*, that this was sufficient. The obligation of McFarland and his sureties upon the bond was as binding as if the names of each of the members of the firm had been set forth therein.

**§ 1199.** *Same; condition; "or" instead of "and," sufficient.* The appeal bond was conditioned "that the said J. M. McFarland shall prosecute his appeal to effect, or shall pay and satisfy the judgment," etc. *Held* sufficient, notwithstanding the statute uses the word "and" in connecting the conditions, instead of "or," as used in the bond. [Robinson v. Brinson, 20 Tex. 438.]

**§ 1200.** *Same; amount of; costs.* The appeal bond was in the sum of $20. The judgment appealed from was a judgment against the plaintiff in the suit for costs. The costs amounted to $16.65, and of this amount McFarland had paid $9.40, which had been incurred by him. *Held*, that the bond was sufficient in amount.

**§ 1201.** *Damages for breach of contract for personal services; rules as to.* Where a party complains of a breach of contract for personal service, he may delay bringing his suit until the end of the term of the contract, and sue for the full amount covered by its terms; and in such case the defendant may recoup for whatever the plaintiff has earned, or by reasonable diligence could have earned, between the breach and expiration of the contract. Or the plaintiff may at any time sue for the damages resulting from the breach of such contract. The damages recoverable in such suit are those resulting as a natural and legal consequence from the breach. Re-

mote and speculative damages are not ordinarily recoverable. There might be cases where the elements of malice or gross oppression, or the like, entered into the breach, that would authorize vindictive or punitory damages.

November 9, 1881.     ·     Reversed and remanded.