## F. M. BLAIR v. EDDIE BREEDING.

Decided October 19, 1909.

ON REHEARING.

**1.—Lost Instrument—Proof of Execution.**

In an action to foreclose a mortgage upon land where it is alleged in the pleading or shown by the evidence that the original mortgage had been lost or destroyed, a general denial on the part of the defendant is sufficient to require the plaintiff to prove the execution of the mortgage.

**2.—Same—Testimony by Surviving Wife—Statute Construed.**

In a suit by a surviving wife in her own right as the owner of a one-half community interest in certain notes and a mortgage securing the same, the wife was a competent witness to prove the execution of the mortgage by the defendant, and did not come within the inhibition of article 2302, Rev. Stats., forbidding heirs, legal representatives and others from testifying in certain suits.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Stevens & Pickett*, for appellant.—The wife of a deceased person is not a competent witness in a suit brought by her to recover a com-

munity debt growing out of a transaction between the wife's deceased husband and the defendant when her testimony relates to such transaction. Rev. Stats., art. 2302; Simpson v. Brotherton, 62 Texas, 170; Hicks v. Hicks, 26 S. W., 227.

The wife, when testifying to a transaction had with her deceased husband, under article 2302 of Sayles Statutes is an incompetent witness to prove the contents of a lost instrument in which her deceased husband was interested. The execution of a mortgage to which the deceased was a party is a transaction within the inhibition of article 2302 of Revised Statutes. Parks v. Caudle, 58 Texas, 216; Britton v. Tischmacher, 31 S. W., 241; Choate v. Huff, 4 Texas App., C. C., sec. 281; 12 Ency. of Evidence, 728.

*Marshall & Marshall,* for appellee.—The witness Eddie Breeding did not testify as to any statement by or act of the deceased, Wm. P. Murphy; her testimony being as to what the defendant F. M. Blair did, to wit, execute the mortgage in question, and article 2302, Sayles' Revised Statutes, does not apply in such case. If the defendant F. M. Blair was dead, or if the testimony sought to be elicited related to some act or statement of the deceased, then the rule would apply, but does not apply to an act of a living person not connected with or relating to an act or statement by a deceased person. Sayles' Rev. Stats., art. 2302; Lumpkin v. Montgomery, 25 S. W., 661; Choate v. Huff, 4 App., C. C., sec. 281; Walker v. Pittman, 18 Texas Civ. App., 522; Moore v. Willis, 69 Texas, 110.

It is not within the inhibition of the statute for a wife of a deceased to testify that she saw the defendant, who is living and before the court, execute the mortgage in question. The fact to be proven is the act of the defendant, and is not connected with and is independent of any statement or act of the deceased; the contents of the instrument was not sought to be proved, but the fact of its having been executed by defendant. And in such cases article 2302 does not apply. Moore v. Willis, 69 Texas, 110; Choate v. Huff, 4 App., C. C., sec. 281; Potter v. Wheat, 53 Texas, 401; Bennett v. Frary, 55 Texas, 145; Mast v. Tibbles, 60 Texas, 301.

McMEANS, ASSOCIATE JUSTICE.—Eddie Breeding, joined by her husband R. E. Breeding, brought this suit for herself and as next friend for Whitfield P. Murphy, a minor, against F. M. Blair, upon four promissory notes aggregating $800, with interest thereon at the rate of eight percent per annum from December 8, 1904, and for attorney's fees, and to foreclose a mortgage on land in Liberty County. given to secure the payment of said notes. Upon an allegation of plaintiffs' petition that W. F. Blair, the C. R. Cummings Lumber Company and C. R. Cummings Export Company were cutting and removing the timber, saw-logs and other natural growth from the mortgaged land, whereby the land was being greatly injured and depreciated in value, these parties were made defendants to the suit. The defendants answered by general denial, and defendant F. M. Blair pleaded certain defensive matter which is immaterial to any issue raised by the assignments of error and need not be set out. The case

was tried by the court without a jury, and a judgment rendered in favor of the plaintiffs against F. M. Blair for the amount of the principal and interest of said notes and for attorney's fees, and against all said defendants foreclosing the mortgage lien on said land. From this judgment the defendant F. M. Blair alone has appealed.

The evidence shows that the notes and mortgage were held by William P. Murphy, who was the father of the minor, Whitfield P. Murphy, and the former husband of the plaintiff, Eddie Breeding, and that the same were the community property of said William P. Murphy and his said wife. Murphy died, and his widow, the said Eddie, married the plaintiff, R. E. Breeding, who joins her in this suit. The mortgage was not entitled to registration because not acknowledged, but it was in fact recorded in the record of mortgages, etc., of Liberty County. After being so recorded it was lost, and although diligent search for it was made it could not be found. A certified copy of the mortgage, taken from the record, after proof of loss of the original was made, was offered in evidence. This was objected to on the ground that the mortgage was not proven in the manner prescribed by law. The plaintiffs then undertook to prove by Mrs. Eddie Breeding the execution of the mortgage by F. M. Blair, and she was permitted, over the objections of defendants, to testify that she was present when the transaction between William P. Murphy, her former husband, and Blair occurred, and saw Blair sign and execute the notes and mortgage sued upon. She identified the copy offered as a true copy of the mortgage she saw Blair execute, and testified that the original came into her possession after Murphy died.

Appellant's first assignment of error complains that the court erred in permitting Mrs. Breeding to testify to the matters above set out on the ground that "it appeared that she was the widow of William P. Murphy, deceased, and that she was an heir and legal representative of the estate of the said William Murphy, and was interested, as such heir and legal representative, in the transaction inquired about between her said deceased husband, William Murphy, and F. M. Blair, and that she was not a competent witness to testify to said transaction."

The mortgage was alleged to have been executed by F. M. Blair. There being no plea of *non est factum,* no proof of execution was necessary as to him. (Revised Statutes, article 1265; Chator v. Brunswick Co., 71 Texas, 590; Fisher v. Bowser, 1 Posey's Unreported Cases, 346.) The original mortgage was admissible in evidence as against F. M. Blair without proof of its execution, and the original having been lost, secondary evidence was admissible to prove its contents. The most satisfactory evidence of this character was a copy of the original mortgage. The testimony of Mrs. Breeding that the copy offered was identical with the original, which came into her possession after Murphy's death, and which was subsequently lost, was admissible as identifying it as a true copy of the original, and was not in contravention of the provisions of article 2302, Revised Statutes, which prohibits parties to suits from testifying to statements or acts of a decedent arising out of transactions with such decedent. (4 App. Civ. Cases, 281.) Proof of the execution of the mortgage was neces-

sary only as to the defendants other than F. M. Blair, and they only can complain of the character of the testimony admitted by the court to make such proof, and they not being parties to this appeal, the objection can not be made for them by appellant. The assignment is overruled.

What we have above said disposes of the second and third assignments of error adversely to appellant. There being no reversible errors presented in the assignments, the judgment of the court below is affirmed.

### ON MOTION FOR REHEARING.

On further consideration, we are of the opinion that we were in error in holding that proof of the execution of the mortgage was not necessary as to defendant Blair. It seems to be the rule that a general denial is sufficient to require proof of the execution of such an instrument when sued upon, where it is alleged in the pleadings or shown by the evidence that the original has been lost or destroyed. (Ft. Worth & D. C. Ry. Co. v. McAnulty, 7 Texas Civ. App., 321; Erskine v. Wilson, 20 Texas, 79; Robinson v. Brinson, 20 Texas, 438; Hampshire v. Floyd, 39 Texas, 105.)

Having taken the view that it was not necessary for the plaintiff to prove the execution of the mortgage, and that there was no error in the manner of proving its contents, we did not think it necessary to pass upon the competency of the plaintiff, Eddie Breeding, to testify to the execution of the mortgage. Upon discovering our error in holding that proof of execution was unnecessary under the circumstances, and under the mistaken idea that Mrs. Breeding was not a competent witness to prove the execution of the mortgage, we granted appellant's motion for a rehearing, and ordered that the judgment be reversed and the cause remanded.

Upon further consideration, and after as thorough search of the authorities as we have had time to make, we have concluded that Mrs. Breeding was competent to ·testify, and that the execution of the mortgage was established by her evidence, or at least her testimony was not obnoxious to the objection urged against it, that she was incompetent because "she was an heir and legal representative of the said Wm. P. Murphy, deceased." It appears from the evidence that the notes were given by Blair to Murphy in payment for a restaurant owned by Murphy in Louisiana and sold by him to Blair, and that the same were secured by the mortgage in question. Murphy and Mrs Breeding were husband and wife at the time of the sale, and the notes and mortgage presumptively were community property. The suit was not by her as executrix or administratrix, nor as a qualified survivor under the statute, nor did she assert any right in the notes and mortgage as an heir of her deceased husband, or as a representative of his estate, nor did she sue as next friend for the minor, Whitfield P. Murphy, as we erroneously stated in the beginning of the opinion—the minor suing by R. E. Breeding as next friend—but she sued in her own right as the owner of one-half of the community. No objection was made that as co-plaintiff of the minor heir she was incompetent to make proof. Under the rule laid down by the following authorities,

we hold that proof by her of the execution of the mortgage did not come within the prohibition of the statute, or, at least, was not subject to the objection that she was disqualified to testify by reason of being an heir and representative of the estate of her deceased husband. Wilmuth v. Tompkins, 22 Texas Civ. App., 87; Harris v. Warlick, 42 S. W., 356; Evans v. Scott, 97 S. W., 117; Field v. Field, 39 Texas Civ. App., 1; Newton v. Newton, 77 Texas, 508; Wooters v. Hale, 83 Texas, 563.

We think that an order granting appellant's motion for a rehearing and reversing the judgment and remanding the cause should be set aside, and that this motion for rehearing should be refused, and upon our own motion it has been so ordered.

*Affirmed.*