## LEWIS BROS. et al. v. JOHNSON.
### (No. 2680.)

(Court of Civil Appeals of Texas. Texarkana.
Jan. 25, 1923. Rehearing Denied
Feb. 8, 1923.)

**I. Witnesses ⚖️149(2)—Law inhibiting testimony of transactions with persons since deceased held not applicable to administrator as regards his individual interest in suit.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, providing that in actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with or statement by the testator in estate award unless called to testify thereto by the opposite party, *held* not applicable to testimony against an administrator also a party to the suit so far as his interest in his individual capacity is concerned.

**2. Trial ⚖️255(4)—Admission of evidence competent against one defendant not erroneous in absence of request to limit it.**

Where evidence was admissible against an administrator so far as his individual interest in the suit was concerned, but inadmissible against him as administrator under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, and no request was made to limit it, defendant could not be heard to complain of the admission of the evidence.

**3. Brokers ⚖️63(1)—Broker held entitled to commission when producing purchaser, where owners declined to complete sale and forfeited amount placed with stakeholder.**

A broker is entitled to a commission for procuring a purchaser for a motion picture theater, where the owners exercised the right reserved to decline to consummate the sale agreed on and to forfeit the amount placed with a stakeholder.

**4. Brokers ⚖️82(1)—Petition for broker's commission held sufficient without alleging extension of time for performance.**

In an action for commission for procuring a purchaser, wherein the petition set up the contract between plaintiff and the owners, alleging facts showing that he had performed his undertaking thereunder, and then alleged facts showing a breach by them, it was sufficient to entitle him, when established by testimony, to the relief demanded, and it was not necessary to have alleged an extension of time within which to perform.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Suit by R. E. L. Johnson against Lewis Bros. and others, in which F. Lewis, as administrator of the estate of N. Lewis, and his widow, were substituted as parties defendant. From the judgment for plaintiff, defendants appeal. Affirmed.

See, also, 227 S. W. 502.

J. A. Bulloch and Butler, Price & Maynor, all of Tyler, for appellants.

Castle & Smith, of Tyler, for appellee.

WILLSON, C. J. This was a suit by appellee, a broker, against N. Lewis and F. Lewis, engaged in business as partners under the name "Lewis Bros.," owners of the Electric Palace Theater in Tyler, to recover $1,000, which appellee claimed Lewis Bros. owed him by the terms of a contract between them for service in finding persons ready, willing, and able to purchase said theater on terms satisfactory to said Lewis Bros. N. Lewis died pending the suit, and F. Lewis, as the administrator of his estate, and his widow, became parties defendant. The appeal is from a judgment in appellee's favor for the relief he sought.

[1] The contract between appellee and Lewis Bros. was in writing. It appeared on its face to have been "made and entered into this——day of April," the day in April and year being omitted. The contract between Lewis Bros. and the persons (to wit, Pendleton, Wilkerson, and Smith) who, at appellee's instance, agreed to purchase the theater, was also in writing. It was made and dated April 11, 1919. Over appellants' objection thereto on the ground, N. Lewis being dead, that such testimony was within the inhibition in article 3690, Vernon's Statutes, the trial court permitted appellee to testify that the contract between him and Lewis Bros. was made in April, 1919, about a week before April 11, 1919, the date of the contract between Lewis Bros. and Pendleton, Wilkerson and Smith. Appellants insist that the action of the court in admitting the testimony was error for which the judgment should be reversed. We do not think so. Said article of the statutes is as follows:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

[2] The testimony in question may have been inhibited by the statute so far as it was against F. Lewis in his capacity as administrator, and so far as it was against the widow of N. Lewis as his heir, if she was his heir; but it was not inadmissible because of the statute so far as it was against F. Lewis in his individual capacity. Field v. Field, 39 Tex. Civ. App. 1, 87 S. W. 726; Edwards v. White (Tex. Civ. App.) 120 S. W. 914; Evans v. Scott (Tex. Civ. App.) 97 S. W. 116; Blair

v. Breeding, 57 Tex. Civ. App. 147, 121 S. W. 869; Ivy v. Ivy (Tex. Civ. App.) 128 S. W. 682; Briggs v. McBride (Tex. Civ. App.) 190 S. W. 1123. Therefore the error of the trial court, if any, was not in admitting the testimony, but was in failing to instruct the jury not to consider it as evidence affecting the rights of the widow and administrator. Such being the nature of the error, if any, appellants have no right to complain of it; for they made no effort to have the court to so instruct the jury as to forbid a consideration of the testimony as evidence against said widow and administrator. Johnson v. Frost (Tex. Civ. App.) 229 S. W. 558.

The property which Lewis Bros. agreed to sell to the persons who at appellee's instance, as stated above, agreed to buy same, consisted, among other things, of a lease for a term of years on a building used in operating the theater, and the consummation of the sale agreed upon was conditioned on the consent of the owners of the building to the assignment of the lease by Lewis Bros. to said persons. By other terms of the contract of sale the purchasers were to pay Lewis Bros. $20,000 for the property. One-half of the amount was to be paid within 37 days from the date of the contract, and the remaining $10,000 later. The seller and the purchasers, respectively, were to (and did) place $1,000 in the hands of a stakeholder named, which was to be forfeited to the other party by the party who defaulted in the performance of his undertaking under the contract. "Said forfeit money," it was stipulated, "when so paid to either party shall then release all parties to this contract from further performance of the same and from the payment of any damages on account of this said contract or breach thereof."

[3] The consent of the owner of the building to the proposed assignment of the lease was not obtained within the 37 days, but there was testimony which warranted findings that the parties to the contract of sale agreed upon an extension of the time within which such consent might be obtained; that such consent was obtained within the time as extended; that the prospective purchasers were then ready, able, and willing to consummate the purchase on the terms specified in the contract; and that the sale was not consummated because Lewis Bros. refused to consummate it. Notwithstanding the testimony referred to, appellants requested the court to instruct the jury to find in their favor. The court refused to do so, but instead instructed the jury to find in appellee's favor if they believed such testimony to be true. Appellants insist that the court erred when he so instructed the jury. The insistence is on the ground that the instruction was not warranted by either the pleadings or the testimony. The asserted insufficiency of the pleadings is based on the failure of appellee to allege anything about the agreement between Lewis Bros. and the prospective purchasers to extend the time within which the sale was to be consummated; and the asserted insufficiency of the testimony is based mainly on the provision in the contract set out above.

[4] In his petition appellee set up the contract between himself and Lewis Bros., alleged facts showing he had performed his undertaking thereunder, and then alleged facts showing a breach by Lewis Bros. of their undertaking thereunder. We think those allegations were sufficient to entitle him, when established by testimony, to the relief he obtained, and that it was not necessary that he should have alleged anything about the agreement for an extension of time referred to.

The asserted insufficiency of the testimony is on the view, it seems, that it did not appear therefrom that the prospective purchasers procured by appellee were ready, able, and willing to take and pay for the property on terms satisfactory to Lewis Bros., but that the contrary appeared from the stipulation referred to; the effect of which, appellants insist, was to reserve to said purchasers a right not to take and pay for the property, but, instead, to forfeit the $1,000 placed by them with the stakeholder. It is argued that the case therefore was within the rule applied in Moss & Roley v. Wren, 102 Tex. 567, 120 S. W. 847, and others with like facts, which appellants cite. In the Wren Case the stipulation was similar to the one set out above (102 Tex. 567, 113 S. W. 739), but the contract with the purchaser was made by the broker, acting for the owners, and it was the prospective purchaser, and not the seller, as here, who chose to forfeit the sum specified in the contract rather then consummate the purchase. The Supreme Court, on those facts, held that the broker was not entitled to recover the commission sued for, because he had not procured a purchaser who was either bound or willing to take and pay for the property. The facts are different here. Appellee had procured purchasers who were ready, able, and willing to take and pay for the property as specified in their contract with Lewis Bros., and it was the latter who exercised the right they had reserved to decline to complete the sale agreed upon, but instead to forfeit the $1,000 they had placed with the stakeholder. "A broker," said the Court of Civil Appeals in Curlee v. Phelps, 242 S. W. 517, "is not to be defeated because the owner will not, does not, or cannot convey to the purchaser. The case of Moss v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847, cited by appellant. does not hold to the contrary. In that case Wren drew the contract as agent for his principal. He was required to show a contract of sale which could be specifically performed. In this case, the broker's right did

not depend upon his having effected an enforceable contract. He undertook to find purchasers, which he did. It was left with the owner to procure an enforceable contract."

In Levy v. Duncan Realty Co. (Tex. Civ. App.) 178 S. W. 984, the contract between the prospective purchaser and the owners of the property contained a stipulation similar to the one in question here, and the owner, as here, elected to forfeit a sum agreed upon rather than consummate the sale. In that case, as here, the stipulation was invoked as a defense against the recovery of a commission sought by the broker. Citing Hamburger v. Thomas, 103 Tex. 280, 126 S. W. 561; Jackson v. Biggerstaff (Tex. Civ. App.) 168 S. W. 42; Henderson v. Gilbert (Tex. Civ. App.) 171 S. W. 304; Baldwin v. Smith (Tex. Civ. App.) 119 S. W. 111; Hamburger v. Thomas (Tex. Civ. App.) 118 S. W. 770; and McLane v. Petty, 159 S. W. 891, the Court of Civil Appeals. in overruling the contention, said:

"The authorities cited show that when a broker procures a purchaser ready, able, and willing to purchase the property upon the terms and conditions authorized by the owner, and the failure to consummate the transaction is the fault of the owner and not the fault of either the purchaser or broker, then the broker is entitled to his commission. And in such case it is no defense to say that the purchaser could not have been compelled to take the property. The answer to that assertion is that, while he may not have entered into such contract as would have entitled the owner to a judgment for specific performance. nevertheless, if in the broker's suit for commissions it is shown that the person referred to was ready, able, and willing, and therefore would have purchased the property, then the broker has earned his commission, because under such circumstances the property would have been sold had not the owner declined to consummate the sale."

The judgment is affirmed.