**BUSINESS MEN'S OIL CO. et al. v. PRIDDY.** (No. 6912.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 31, 1923. Rehearing Denied Feb. 28, 1923.)

1. **Appeal and error** ☞719(6)—**Direction of verdict reviewable, regardless of sufficiency of assignment of error.**

The court's action in directing a verdict is fundamental and apparent of record, and requires review on appeal, regardless of the technical or even substantial sufficiency of assignments of error directed thereat.

2. **Brokers** ☞102—**Seller of lease to common-law trust held not bound by representations of member inducing purchase without evidence that seller delegated him to sell or paid him commission.**

One selling an oil lease to a common-law trust, formed at the instance of one of the members, who, learning that the lease was for sale, induced the others to join him in the purchase, and with one of his associates inspected the field and obtained the seller's terms

before closing the deal, *held* not bound by his representations, in the absence of evidence that the seller delegated him to sell the lease or paid or promised to pay him any commission.

Appeal from District Court, Tarrant County; Ben. M. Terrell, Judge.

Action by the Business Men's Oil Company and others against W. M. Priddy. From an order sustaining defendant's plea of privilege, plaintiffs appeal. Affirmed.

See, also, 241 S. W. 770.

H. C. Ray, and Stanley Boykin, both of Fort Worth, for appellants.

Martin & Oneal, of Wichita Falls, for appellee.

SMITH, J. This appeal is from an order sustaining appellee's plea of privilege to be sued in Wichita county, where he resided. The plea was tried by jury, who were directed to return a verdict in favor of the defendant below. Venue was sought to be laid in Tarrant county upon the contention that appellee, through the conduct and false representations of an alleged agent, one Palmer, committed a fraud upon appellants in that county. This contention raises two questions, first, was Palmer shown to have been an authorized agent of appellee Priddy; and, second, were appellants induced to make the contract sue on by reason of false statements of such agent.

[1] Appellee attacks the sufficiency of appellants' one assignment of error to require this court to consider and determine the question of whether or not the court erred in directing a verdict. It is sufficient to say, in disposing of this challenge, that this action of the court went to the very foundation of the case, was fundamental and apparent of record, and requires review on appeal, regardless of the technical or even substantial sufficiency of the assignments of error directed at such action.

[2] There is no testimony upon which the jury could have based a finding that Palmer was Priddy's agent in the transaction in controversy. Palmer was a calendar salesman who contracted a malignant case of oil fever, and who by conversational contact communicated the malady to nine business men in Fort Worth. Together the ten formed a so-called common-law trust, a favorite vehicle through which the optimistic have poured much hard-earned savings and borrowings into dry holes in wild-cat oil territory in recent years. Palmer represented to his apparently listening associates that he knew of a 2½ acre lease he could get from Priddy in the new Burkburnett field in Wichita county for the modest sum of $37,500. The select ten put up $500 each, with which the cash payment was made to Priddy. Before this was done, however, Palmer and one of

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction April 11, 1923.

his associates, the treasurer of the trust, went to Burkburnett on their own initiative, and inspected the field, including the 2½ acres. They went to Wichita Falls, nearby, and obtained from Priddy the price and terms he wanted for the lease, and' returning to Fort Worth, proceeded with their plans, which were finally completed and the deal closed with Priddy.

There was no evidence whatever that Priddy had delegated Palmer to sell this lease for him, or had listed it with him for sale. The uncontroverted testimony showed that he paid Palmer no commission on the sale, nor had he promised him any commission. It is shown, simply, that Palmer had learned that Priddy had the lease for sale, and that with this information, and being financially unable to himself purchase it, he induced the other nine to join him in the purchase, in the hope that they would all profit by it. Palmer was the prime mover in the subject; he took the lead in rounding up the pool, and collecting the initial payment, and conducted the negotiations with Priddy. But in all these transactions, it is clear that he was acting for himself and his associates, who are appellants here, and not for Priddy. This being the case, it is immaterial whether the representations he made to his associates were true or false, since Priddy was not bound thereby.

The judgment is affirmed.