Carrie E. Adams v. A. N. Adams, Ninth Dist., 253 S. W., 605. Dismissed for want of jurisdiction, Oct. 24, 1923.

"Dismissed w. o. j. We do not think the Court of Civil Appeals intended to hold that there was error in excluding the testimony of Elmo Willard, set out in bill of exceptions No. 17."

Illinois Torpedo Co. v. Southwestern Oil & Development Co., Eighth Dist., 252 S. W., 324 (S. W. O. & D. Co. v. Illinois Torpedo Co.). Dismissed for want of jurisdiction Oct. 17, 1923.

"See Decker v. Kirlicks, 110 Texas, 91."

M. A. Youngblood v. J. H. Ball et al., Eighth Dist., 252 S. W., 872 (Ball v. Youngblood). Refused Oct. 24, 1923.

Note by Court: "The charge of the court on discovered peril was excepted to for want of pleading and evidence, and an examination of the evidence shows no good could come from a remand of the case."

Denton Milling Co. v. S. A. Blewett, Sixth Dist. Refused Oct. 24, 1923.

Note per Curiam: "The sureties on the supersedeas bond are not complaining of the action of the Court of Civil Appeals in entering judgment against them."

Laura Morrow v. Ft. Worth & D. C. Ry. Co., Seventh Dist., 255 S. W., 674 (Ft. W. & D. C. Ry. Co. v. Morrow) Refused Dec. 30, 1923.

Note by the Court: "The Court of Civil Appeals entered the proper judgment. In view of another trial we will say that the district court, in again submitting the case to the jury, should follow the approved definition of proximate cause."

Tyler County v. J. L. Chapman, Ninth Dist., 259 S. W., 301 (Chapman v. Tyler County). Refused April 9, 1924. .

Per Curiam: "The application is refused because the claim was not protected by the depositors' guaranty fund." (C. M. C. not sitting.)

Texas Co. v. E. C. Stovall, Second Dist., 262 S. W., 152 (Stovall v. Texas Co.). Refused April 23, 1924.

Note by Court: "We think the right result was reached in this case because the issue was tendered that defendant in error waived the forfeiture and plaintiff in error saw fit to accept the waiver and insist on holding the lease, which it could not do without being held to make the stipulated payments to continue the lease."

R. H. Clem v. J. H. Chapman, Eighth Dist., 262 S. W., 168. Refused June 12, 1924.

Per Curiam: "The facts do not show any alteration in body of note." Chief Justice Cureton not sitting.

E. L. Tidwell v. Houston & T. C. R. Co., Fourth Dist., 262 S. W., 810 (H. & T. C. R. Co. v. Tidwell). Refused Oct. 29, 1924.

Note by Court: "We do not agree that appellee should be denied the right to recover if he was injured as the proximate result of negligence of appellant in failing to exercise ordinary care to keep a lookout, unless appellee was guilty of contributory negligence. The case must be remanded for a new trial under the conclusions of the Court of Civil Appeals as to insufficiency of the evidence to sustain the verdict for appellee, and we therefore refused the application for writ of error."

Railroad Commission of Texas v. San Antonio Compress Co., Third Dist., 264 S. W., 214. Refused Nov. 19, 1924.

Note per Curiam: "This case does not come within the terms of Art. 6656. It was rightly decided, being governed by Art. 6657."