## GREAT SOUTHERN SULPHUR CO. v. MILLS.  (No. 1538.)

(Court of Civil Appeals of Texas.  El Paso. Jan. 3, 1924.)

**Continuance ⏛11—Refusing application for time to secure affidavit to answer held abuse of discretion.**

Where an answer setting up a good defense of failure of consideration could not be considered because not verified, under Rev. St. art. 1906, the denial of an application for time to secure the affidavit of an officer of defendant corporation, who was the only person cognizant of the facts, and therefore the only one qualified to make affidavit, as required by statute, was an abuse of discretion; article 1917, prohibiting applications for continuances before answer is filed, not being applicable.

Appeal from District Court, Culberson County; W. D. Howe, Judge.

Action by J. L. Mills against the Great Southern Sulphur Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

John L. Dodson, of Van Horn, for appellant.

W. A. Daugherty, of Van Horn, and M. V. Ward, of El Paso, for appellee.

HARPER, C. J. Appellee agrees to the following statement of the nature and result of the trial of this cause made by appellant:

"This suit was instituted by appellee, J. L. Mills, in the district court of Culberson county, Tex., against the Great Southern Sulphur Company, a corporation, duly incorporated under and by virtue of the laws of the state of Arizona, with its domicile, principal office, and place of business in the city of New Orleans and state of Louisiana, with a permit to do business in the state of Texas, being filed on the 17th day of March, A. D. 1923, to foreclose seven certain promissory vendor's lien notes in the principal sum of $3,750, and the vendor's lien securing their payment of fifteen mineral permits in Culberson county, Tex., fully described in a certain deed executed and delivered by the said J. L. Mills, to the said Great Southern Sulphur Company under date of September 22, 1920, together with interest and attorney's fees thereon, described in plaintiff's original petition.

"Thereafter, to wit, on the 3d day of April, A. D. 1923, the same being the second day of the April term of the district court of Culberson county, Tex., appellant filed in said court its first verified statutory application for continuance of this cause to the October term of said court, wherein it was specially alleged and shown that appellant could not safely go to trial at the April term of said court for the reason that one J. B. Warfield, a witness and the principal officer and agent of defendant company, whose evidence was necessary upon the trial of this cause, and who alone was cognizant of and could swear to the allegations contained in defendant's original answer and cross-action, had been precluded from attending upon the trial of this cause at said April term of said court, to which said first verified statutory application for continuance was attached, marked 'Exhibit A' and made a part thereof, a copy of appellant's original answer and cross-action, which original answer and cross-action appellant was unable to file at the April term of said court for the reason that appellant's principal defense was that of fraud and failure of consideration for said notes, and that said J. B. Warfield, who alone was cognizant of the facts constituting the defense of fraud and failure of consideration, having been precluded from attending upon the trial of said cause, it was impossible for appellant to file and present its defense as in such cases made and provided by statute, all of which fully appears from appellant's first verified statutory application for continuance of this cause.

"Thereafter, on the 4th day of April, 1923, appellant seasonably presented its said first verified statutory application for continuance, to which was attached, marked 'Exhibit A' and made a part thereof, a copy of its original answer and cross-action, and after hearing the argument of counsel thereon, the court was of the opinion that the law was with appellee, and in all things overruled appellant's first verified statutory application for continuance, and held that no answer was on file in said cause and forced appellant to trial at said term of court."

Tried without a jury, and judgment rendered for plaintiff for the amount of the notes, interest, and attorney's fees, from which an appeal has been perfected.

The continuance should have been granted. Appellee's reply is that article 1917, R. S. Civ. Statutes, provides that "no application for a continuance shall be heard before the defendant files his defense." This article clearly applies to a continuance for witnesses to be brought into court, absence of counsel, or any such matters; but this application is for time to secure the affidavit of one of the officers of the defendant company to the answer setting up to the defense, and it is alleged under oath, by the attorney representing the defendant, that such party was the only one cognizant of the facts, and therefore the only person qualified to make the affidavit constituting failure of consideration for the notes sued on as required by the statute in case of plea of failure of consideration for a promissory note, as a defense.

The answer attached to the motion set up a good defense, but it could not be considered by the court because not verified. Article 1906, R. S. Civ. Statutes Texas. So to hold that the defendant should not have time to secure the affidavit to its answer is to hold that it shall not be premitted to defend.

But under the facts, in this case, it was an abuse of discretion to refuse a continuance for the witness to have a chance to testify.

⏛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This application has all the requisites of a bill in equity, and the technical rules of statute should give way to the justice of the case. Jordan v. Robsen, 27 Tex. 612; Fowler v. Buckner, 23 Tex. 84; Fort Worth & R. G. Ry. Co. v. Jones (Tex. Civ. App.) 212 S. W. 552; Goodwin v. Bank (Tex. Civ. App.) 236 S. W. 780.

Reversed and remanded.