Relator seeks a mandamus against respondent to require him to do and perform the ministerial or statutory duties which it has a legal right to have performed in regard to its contract with the State of Texas for the purchase of certain textbooks, to-wit: Fourth Reader, Fifth Reader, and Sixth Reader, each by Free and Treadwell, and Seventh Reader, by Briggs.
The facts of this case case in all essential particulars are the same as those contained and stated in the case of Laidlaw Brothers, Inc., v. S.M.N. Marrs, State Superintendent of Public Instruction, opinion delivered June 8, 1925, with one exception.
In the instant case the relator, as provided by the statutes, filed with the State Textbook Commission what is termed its anti-trust affidavit. Said affidavit was in statutory form and signed by all of its directors, but one of its said directors (a Mr. Cousins) had executed it through his attorney and agent in fact, and not personally. *Page 579 
In passing on relator's contract the Attorney General called this fact to the attention of the State Textbook Commission. Thereupon, by resolution, the Commission instructed respondent, Marrs, as Secretary of the Commission, to hold relator's contract and bond until said director came to Austin and in person made the affidavit. Said director forthwith came to Austin, executed the affidavit in person, and the contract was delivered.
Respondent makes the defense that these acts constituted such
an irregularity in the steps required by the statutes, preliminary to the making of relator's contract, as to invalidate it. It would appear that the objection is without substance; but if not, the action of the State Board of Education on January 12, 1925, adopting the contract and directing respondent to observe it, had the effect to waive the irregularity and make the contract effective and enforceable. Charles Scribner's Sons v. Marrs, 114 Tex. 11 262 S.W. 622.
The principles of law announced in the case of Laidlaw Brothers, Incorporated, v. Marrs, State Superintendent, opinion delivered June 8, 1925, (114 Tex. 561,) apply in all respects to this case, and in accord with the holdings therein relator is entitled to the writ of mandamus as prayed for, and it is ordered that it issue.
Writ of mandamus ordered issued. *Page 580 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 581 
 Memorandum Opinions, Per Curiam.
In acting on applications for writs of error the Supreme Court has occasionally made brief memoranda of the grounds of its action. Where this has been done in refusing the writ or in dismissing the application, and thus making final disposition of the case, it is thought by the court that these should be published as an indication to the profession of the reasons why the writ was not granted. The cases in which this has been done and the memoranda made therein here follow.
Lewis Bros. v. R.E.L. Johnson, Sixth Dist., 247 S.W. 589. Dismissed for want of jurisdiction April 4, 1923.
"Amount involved not sufficient to give the court jurisdiction, the interest prayed for being interest eo nomine."
M.L. Allen v. Mack Comoras, Fifth Dist., 247 S.W. 333. Dismissed for want of jurisdiction April 4, 1923.
"Application filed more than thirty days after the overruling of motion for new trial. See Long v. Martin, 247 S.W. 827."
Business Mens Oil Co. v. Priddy, Fourth Dist., 248 S.W. 408. Dismissed for want of jurisdiction April 11, 1923.
"See McGouirk v. Williams, and other cases by Com. of Appeals, approved March 21, 1923."
Early-Foster Co. v. Calvin D. Moody, et al., Fourth Dist.,246 S.W. 1087 (Moody v. Early-Foster Co.). Dismissed for want of jurisdiction March 2, 1923.
"We have not considered the question of fundamental error for the reason that it was not raised in the motion for new trial in the Court of Civil Appeals."
James C. Davis, Agent, v. C. Christenson, First Dist.,248 S.W. 126. Refused Feby. 28, 1923.
"We think there was evidence authorizing the submission of the issue as to the injury being caused by the rope."
J.E. Yeager v. Mrs. A.B. Bradley, Third Dist., 246 S.W. 688. Refused Feby. 14, 1923.
"We think the judgment of the Court of Civil Appeals is correct, whether the orders in the administration be voidable or void."
John T. Spann v. C.W. Tate, Fifth Dist. No written opinion. Dismissed for want of jurisdiction June 12, 1924.
"See Southern Pac. Ry. Co. v. Hass, 85 Tex. 401, and R.S. Art. 1641; also Rules of Supreme Court, Rule 1, sec. c."
E.V. Altman v. C.B. Brown, Eighth Dist., 261 S.W. 171 (Brown v. Altman). Dismissed for want of jurisdiction June 12, 1924.
"See Decker v. Kirlicks, 216 S.W. 385."
H.A. Long v. M.E. Martin, Seventh Dist., 260 S.W. 327. Dismissed for want of jurisdiction May 28, 1924.
"See Art. 1521, Vernon's Sayles' Stats."
J.B. Cochran v. Mrs. Ethel Pierce Lloyd, Ninth Dist.,256 S.W. 337 (Lloyd v. Cochran). Dismissed for want of jurisdiction Feby. 13, 1924.
"Regardless of the correctness of the ruling as to the sufficiency of the petition as against a general demurrer, the case was properly remanded for a new trial." *Page 582 
Carrie E. Adams v. A.N. Adams, Ninth Dist., 253 S.W. 605. Dismissed for want of jurisdiction, Oct. 24, 1923.
"Dismissed w.o.j. We do not think the Court of Civil Appeals intended to hold that there was error in excluding the testimony of Elmo Willard, set out in bill of exceptions No. 17."
Illinois Torpedo Co. v. Southwestern Oil Development Co., Eighth Dist., 252 S.W. 324 (S.W.O. D. Co. v. Illinois Torpedo Co.). Dismissed for want of jurisdiction Oct. 17, 1923.
"See Decker v. Kirlicks, 110 Tex. 91."
M.A. Youngblood v. J.H. Ball et al., Eighth Dist., 252 S.W. 872
(Ball v. Youngblood). Refused Oct. 24, 1923.
Note by Court: "The charge of the court on discovered peril was excepted to for want of pleading and evidence, and an examination of the evidence shows no good could come from a remand of the case."
Denton Milling Co. v. S.A. Blewett, Sixth Dist. Refused Oct. 24, 1923.
Note per Curiam: "The sureties on the supersedeas bond are not complaining of the action of the Court of Civil Appeals in entering judgment against them."
Laura Morrow v. Ft. Worth D.C. Ry. Co., Seventh Dist.,255 S.W. 674 (Ft. W. D.C. Ry. Co. v. Morrow) Refused Dec. 30, 1923.
Note by the Court: "The Court of Civil Appeals entered the proper judgment. In view of another trial we will say that the district court, in again submitting the case to the jury, should follow the approved definition of proximate cause."
Tyler County v. J.L. Chapman, Ninth Dist., 259 S.W. 301 (Chapman v. Tyler County). Refused April 9, 1924.
Per Curiam: "The application is refused because the claim was not protected by the depositors' guaranty fund." (C.M.C. not sitting.)
Texas Co. v. E.C. Stovall, Second Dist., 262 S.W. 152 (Stovall v. Texas Co.). Refused April 23, 1924.
Note by Court: "We think the right result was reached in this case because the issue was tendered that defendant in error waived the forfeiture and plaintiff in error saw fit to accept the waiver and insist on holding the lease, which it could not do without being held to make the stipulated payments to continue the lease."
R.H. Clem v. J.H. Chapman, Eighth Dist., 262 S.W. 168. Refused June 12, 1924.
Per Curiam: "The facts do not show any alteration in body of note." Chief Justice Cureton not sitting.
E.L. Tidwell v. Houston T.C.R. Co., Fourth Dist., 262 S.W. 810
(H. T.C.R. Co. v. Tidwell). Refused Oct. 29, 1924.
Note by Court: "We do not agree that appellee should be denied the right to recover if he was injured as the proximate result of negligence of appellant in failing to exercise ordinary care to keep a lookout, unless appellee was guilty of contributory negligence. The case must be remanded for a new trial under the conclusions of the Court of Civil Appeals as to insufficiency of the evidence to sustain the verdict for appellee, and we therefore refused the application for writ of error."
Railroad Commission of Texas v. San Antonio Compress Co., Third Dist., 264 S.W. 214. Refused Nov. 19, 1924.
Note per Curiam: "This case does not come within the terms of Art. 6656. It was rightly decided, being governed by Art. 6657."
Franklin Fire Ins. Co., et al. v. Guaranty State Bank, et al., Fourth Dist., 262 S.W. 769 (Guaranty State Bank v. Franklin Fire Ins. Co.). Refused Nov. 19, 1924. *Page 583 
Note per Curiam: "Since under any proper view of the law, the automobile was charged with a valid lien in favor of the Bank, no other judgment could have been rendered than one adjudging the proceeds of the insurance policy to the Bank and denying any recovery to Mrs. Brazile and husband. Hall v. Decherd,131 S.W. 1133; Lynch v. Elkes, 21 Tex. 230; Pitts v. Elsler, 87 Tex. 347; Speer's Law of Marital Rights in Texas, pp. 225-232. The Court of Civil Appeals having rendered the right judgment, the writ of error is refused, regardless of the correctness of all the expressions in its opinion."
American Refining Co. v. Tidal Western Oil Corp., Seventh Dist.,264 S.W. 335. Refused Dec. 3, 1924.
Note per Curiam: "This case was rightly decided on the facts, regardless of some of the reasons given by the Court of Civil Appeals in its opinion."
J.L. Chapman v. M.M. Reese, Ninth Dist., 268 S.W. 967. Refused March 11, 1925.
Note per Curiam: "The Assignment should have been considered, but it being manifest that it disclosed no reversible error, we refuse the application." Chief Justice Cureton not sitting.
 *Page 1