## HUBBARD v. STATE. (No. 7528.)

(Court of Criminal Appeals of Texas. April 18, 1923. Rehearing Denied May 30, 1923.)

**1. Criminal law ⬤⟹721 (6)—Reference to defendant's failure to produce witnesses to disprove fact held not objectionable as referring to his failure to testify.**

In a prosecution for possessing intoxicating liquor for sale, the county attorney's question in argument as to why defendant had no witnesses present to prove that the house wherein the liquor was found did not belong to him, if such was the fact, *held* not objectionable as necessarily referring to defendant's failure to testify, the reference being to ownership of the house only in the sense of control, and such possession as was necessary to establish defendant's guilt.

**2. Intoxicating liquors ⬤⟹223 (5)—Testimony as to what was said, done, and found on prior raid of defendant's premises held admissible under indictment charging possession of intoxicating liquor in general terms.**

On appeal from a conviction under an indictment charging possession of intoxicating liquor for sale on a certain date in general terms only, the court cannot say that testimony as to what was said, done, and found on a prior raid of defendant's premises, if it supported the charge, was not the testimony on which the state, which is not bound by the date laid in the indictment, chiefly relied for conviction.

**3. Criminal law ⬤⟹371 (10)—Testimony as to finding whisky at defendant's house on raid before date charged held admissible.**

In a prosecution for possessing intoxicating liquor for sale, testimony as to finding whisky bottles, etc., in and around a house which defendant and a woman thereat stated was his, a few days before the date laid in the indictment, *held* admissible as supporting the state's contention that whisky found under the house on the later date was possessed for purposes of sale.

**4. Intoxicating liquors ⬤⟹233 (2)—Testimony as to act of woman at defendant's house in pouring out contents of bottle as officers approached held admissible, though defendant was not present.**

In a prosecution for possessing intoxicating liquor for sale, testimony that a woman at defendant's house poured out the contents of a bottle as the officers approached *held* admissible, though defendant was not present; the purpose being to show the presence of whisky at the house, not to bind defendant by the woman's act, which was no crime.

**5. Intoxicating liquors ⬤⟹233 (1)—Proof that defendant sold beer at house, on Sunday before raid, held admissible.**

In a prosecution for possessing liquor for sale, proof that defendant sold beer, not shown to be intoxicating, at his place, on Sunday before a raid on which whisky was found there, *held* admissible as tending to show that he was keeping the house as a place for business at which he personally sold goods, etc.

**6. Criminal law ⬤⟹1091 (9)—Exception marked refused and not noted on charge to which taken not considered in absence of bill of exceptions showing further proceeding.**

An exception marked refused by the court and not noted on the charge to which it was taken cannot be considered in the absence of a bill of exceptions showing any further proceeding in reference thereto.

**7. Intoxicating liquors ⬤⟹236 (7)—Evidence held sufficient to support conviction of possession for sale.**

Evidence *held* sufficient to support a conviction of possessing intoxicating liquor for sale.

### On Motion for Rehearing.

**8. Criminal law ⬤⟹721 (6)—Reference to accused's failure to testify must be such as cannot reasonably be applied to his failure to produce other testimony.**

To come within the statutory prohibition against reference to defendant's failure to testify, the implication must be a necessary one; viz., one which cannot reasonably be applied to his failure to produce other testimony than his own.

**9. Criminal law ⬤⟹1091 (8)—Bill of exceptions to implied reference to accused's failure to testify held insufficient as not showing there were no others by whom fact could be shown.**

A bill of exceptions to the county attorney's remarks concerning defendant's failure to produce witnesses to prove that a house at which whisky was found was not his, as constituting a direct reference to defendant's failure to testify, *held* insufficient as containing no verified statement of facts by the trial judge showing that defendant did not testify, or that there were not other witnesses by whom ownership might be proved.

**10. Criminal law ⬤⟹1091 (2)—Bill of exceptions should be so full and certain as to disclose all that is necessary to manifest error.**

A bill of exceptions should be so full and certain as to disclose, in and of itself, all that is necessary to manifest the supposed error.

**11. Intoxicating liquors ⬤⟹236 (7)—Proof of defendant's possession and control of premises on which liquor is found sufficient proof of ownership.**

In a prosecution for possessing intoxicating liquor for sale, the necessary proof of defendant's ownership of the house wherein the liquor was found does not contemplate an inquiry as to who is the owner of the legal title, it being enough to prove that the property was in defendant's possession and under his care, management, and control when the liquor was found.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Jimmie Hubbard was convicted of possessing intoxicating liquor for sale, and he appeals. Affirmed.

D. G. Hunt, of Eastland, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(251 S.W.)

LATTIMORE, J. Appellant was convicted in the district court of Eastland county of possessing intoxicating liquor for purposes of sale, and his punishment fixed at five years in the penitentiary.

In the usual form appellant is charged with possession for purposes of sale of spirituous, vinous, and malt liquors capable of producing intoxication, in Eastland county, Tex.

Two raids were made on a house situated in the edge of the town of Eastland, said house being on what was known as the dumping ground. On the occasion of the first raid a number of bottles of whisky were found. The house was a small one-room affair, and a woman by the name of Pearl Rutledge was on the premises on the occasion of said first raid. She declined to state who had charge of the premises, but later admitted that same belonged to appellant, who on said occasion made his own appearance and affirmed that the place was his. According to the testimony of a witness some days later, because of information that liquor was being sold at said house, another raid was made by the officers, this date being about July 25, 1922. When the officers reached the house Pearl Rutledge was seen to pour something from a bottle through the floor, some of which was caught in his hand by one of the officers, and was said by him to be whisky. About a gallon and a half of whisky was found in a large bottle or container in a hole dug under the floor of a toilet situated near by. No evidence was introduced on behalf of appellant.

[1] Complaint is made of the argument of the county attorney in stating that if the house testified about did not belong to appellant, why did he not have witnesses present to prove that fact. This was excepted to, and a charge asked in substance stating that the state was required to prove appellant's guilt, and that he was not called upon to offer any evidence. It is not made to appear by the bill of exceptions that Pearl Rutledge was in any way disqualified from giving testimony as to who had charge or control of said premises, nor is there aught in said bill showing the fact that there were no other persons who could be produced as witnesses to testify on this point. We do not regard the argument as one whose necessary effect was a reference to appellant's failure to testify. We think the language of the argument must be held to refer to the ownership of said house only in the sense of control, and such possession as is necessary to be shown in making out a case of guilt against one who has in his possession liquor upon the premises in question.

[2] The allegation as to the date of the offense charged was July 25, 1922. Appellant objected to the testimony as to what was found on the premises, and what took place, and what was said at the first raid, on the ground that it showed other and extraneous offenses occurring at a different time from that charged in the instant indictment. We might dispose of this matter by saying that the state is not bound by the date laid in the indictment, and, it being charged only in general terms that appellant possessed intoxicating liquor for the purpose of sale, and, further, that proof of what was found on the occasion of the first raid, and what was then said and done by appellant, supported the charge laid in the indictment, we would be unable to say that the testimony as to what was said, done, and found on the first raid was not the testimony on which the state chiefly relied for a conviction herein.

[3] However, we further state that the testimony as to what was found on the first raid was admissible as supporting the state's contention that the liquor had on the occasion of July 25th was so possessed for purposes of sale, no matter whether the state selected the first or the last occasion as that upon which it would ask conviction. The finding of a small quantity of liquor on one occasion might leave room for doubt as to whether it was had for purposes of sale, while the finding of a larger quantity might shed more light on the question; likewise, the finding of different quantities at times near together would yet more strongly support the hypothesis of guilt of said charge. This would especially be true in view of testimony of the finding of numerous bottles and containers scattered around the premises. On the first raid Pearl Rutledge, as well as appellant, was at the house, and appellant stated that it was his. As we view the record, the state might rely upon the testimony of the facts found upon either the first or second raid to secure its conviction.

[4] As the officers approached the house the second time Pearl Rutledge poured out the contents of a bottle. Objection appears in the record to testimony of that fact. The ground of this objection seems to rest upon the proposition that appellant, not being present, could not be bound by the acts of said woman. The premises had been claimed by appellant, and the burden was upon the state to show the presence there of whisky. That the woman in question was pouring whisky out of a bottle would not render testimony of her act inadmissible. Pouring out the whisky was no crime. The state did not seek to bind appellant by her act in pouring the whisky out. Whether the whisky poured out was found by the officers in the bottle or whether they found it as it ran through the floor, would seem to make no difference in the admissibility of testimony of such finding.

[5] Proof that on Sunday before the raid appellant sold beer at said place, which was not shown to be intoxicating could not injure appellant and would have weight as reflecting the fact that appellant was keep-

ing said house as a place for business and at which he personally was selling goods, wares, and merchandise.

[6] The record contains what purports to be an exception to the court's charge, but same is marked refused by the learned trial court, and there is no bill of exceptions showing any further proceeding in reference thereto. We cannot consider the purported exception to the charge in this condition. There is no notation on it of any exception.

[7] The evidence in the case seems to amply support the judgment. On the occasion of the first raid the officers found eight or ten pint bottles of whisky, and on the second about a gallon and a half of whisky in a five-gallon bottle. Several dozen empty bottles were found.

No error appearing in the record, the judgment of the trial court will be affirmed.

### On Motion for Rehearing.

MORROW, P. J. The case is one resting alone upon circumstantial evidence, and the jury was so instructed. The place was visited twice by officers who were witnesses upon the trial. On each occasion they found at the house in which the liquor in question was found a woman by the name of Rutledge. Both the appellant and the Rutledge woman declared that it was appellant's place. In the statement of facts, this is said:

"We found this Rutledge woman there when we first drove up, you had gone into the building, I suppose, a couple of minutes when Hubbard drove up. He came in. He came up in a car and the lady first would not say who the place belonged to, and then said that it was not hers, but was Hubbard's, and then we went out to see Hubbard and asked him whose place it was and he said it was his."

Counsel for the state in his argument used this language:

"If that house didn't belong to Jimmie Hubbard, why did he not have witnesses here to prove that fact?"

Objection was addressed to this argument, and a written request was made to the court to instruct the jury that the state was required to prove appellant's guilt beyond a reasonable doubt, and that he was not required to introduce evidence. In addition to what has been stated, the bill contains the following:

"The court refused to give said instruction, to which counsel for the defendant excepted, for the reason that the defendant did not take the stand as a witness in his own behalf, and, he being the only witness who could legally testify to the ownership of the house in question, the remarks of the county attorney were a direct reference to the failure of the defendant to testify."

[8] Deducible from numerous authorities which are cited, the rule applicable to an indirect comment upon the failure of the accused on trial to testify is thus stated in Boone's Case, 90 Tex. Cr. R. 377, 235 S. W. 582:

"The statute is not shown to have been infringed, however, by disclosing that counsel, in argument, used language which might be construed as an implied or indirect allusion to the failure of the accused to testify. To come within the prohibition the implication must be a necessary one, that is, one that cannot reasonably be applied to the failure of the accused to produce other testimony than his own. Where there is other evidence, or the absence of other evidence to which remarks may reasonably have been applied by the jury, the statute is not transgressed."

Speaking of the sufficiency of a bill of exceptions to present this question, the following quotation is taken from the opinion of Presiding Judge Davidson in the case of Huff v. State (Tex. Cr. App.) 103 S. W. 394:

"But we have another line of decisions, which seems to be unbroken, that a bill of exceptions must manifest the error complained of and be complete within itself; that this court will not refer to other portions of the record to make a complete bill of exceptions. This bill does not show on its face that appellant was the only other party present at the time of the purchase of the whisky except the witness Bolt. In order to make this bill complete, it should have been shown by its terms that there were no other witnesses present except defendant and Bolt, or it should have shown, if it was a question of alibi, that there were no other witnesses by whom appellant could prove the alibi except himself. There may have been other witnesses present so far as this bill of exceptions is concerned, and we will not aid a bill by presuming there were not other witnesses present. This should have been shown on the face of the bill itself."

The announcement of the law by Judge Davidson in the above quotation is supported by a great number of authorities collated by Mr. Branch in his Ann. Tex. P. C. p. 134, § 209, in the preface of which he makes this statement:

"A mere statement of a ground of objection in a bill of exceptions is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. The defendant should incorporate so much of the evidence in the bill as would verify the truth of his objections."

[9, 10] Under these rules, the bill in the instant case is insufficient, in that it contains no statement of the facts verified by the trial judge, either showing that appellant did not testify or that there were not other witnesses by whom ownership might be proved. Another rule followed without interruption is thus stated by Mr. Branch in section 207 of his Ann. Tex. P. C., under which he has collated a number of authorities:

"A bill of exceptions should be made so full and certain in its statements as that, in and of

itself, it will disclose all that is necessary to manifest the supposed error."

For additional authorities upon the subject, see Vernon's Tex. Crim. Stat. vol. 2, p. 557; note 38, under art. 744; also Vernon's Tex. Civil & Crim. Stat. 1922 Supp. vol. 2, p. 2519; also Gonzales v. State, 88 Tex. Cr. R. 248, 226 S. W. 405; Quinney v. State, 86 Tex. Cr. R. 358, 216 S. W. 882.

[11] The proof of ownership in the trial of a criminal case does not contemplate an inquiry concerning in whom the legal title is reposed. It was enough to prove that the property was in the possession of the appellant; that it was under his care, management, and control, at the time the whisky was found upon the premises. Under the evidence, there was sufficient proof to support the jury's finding that he was exercising care, control, and management of the premises; that he was present and acted with the Rutledge woman in the possession of intoxicating liquor for the purpose of sale. Neither the bill of exceptions nor the facts in the case show that there were not others by whom the ownership of the premises could be proved. If the appellant was not the owner, obviously the property belonged to some one else. Nothing in the record rebuts the idea that there were other persons who might have been available to prove the ownership. The distinction drawn in the argument of the case on motion for rehearing between ownership in the sense of legal title to the property and ownership as characterized by the possession and control is deemed of no importance. This much is said as indicating our view that, aside from the insufficiency of the bill of exceptions in failing to show whether appellant testified or not, and granting that he did not, no error appears from the bill in question.

The other matters contained in the motion for rehearing were correctly decided on the original hearing and require no further discussion.

The motion for rehearing is overruled.