## W. L. NEWTON v. THE STATE.

No. 9162.   Delivered October 14, 1925.

1.—Manslaughter—Bills of Exception—Insufficient—Not Considered.

Where there are several bills of exceptions, some of them complaining of the admission and rejection of evidence, and the admission of a purported confession, but the bills fail to set out such letters or confession, we have

101 T. C.—32.

no way to discover whether their admission or rejection was erroneous or not. We are constantly confronted with such insufficient bills, notwithstanding our repeated decisions that they will not be considered. See Branch's Ann. P. C. Sec. 207 and authorities there cited. Following Hubbard v. State, 251 S. W. 207.

2.—Same—Argument of Counsel—Held, Reversible Error.

Where counsel for the state in his closing argument to the jury said, referring to appellant: "Newton, where were you when this country was calling for soldiers to make the world safe for democracy. You big slacker." While the Court instructed the jury to disregard the unwarranted attack, we regard it as so highly prejudicial as to demand the reversal of the case. See Branch's P. C. Sec. 362 p. 204 for collation of authorities. Following Strachmer v. State, 272 S. W. 163.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction of manslaughter; penalty, three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the district court of Wichita County of manslaughter and his punishment assessed at three years in the penitentiary.

There are many bills of exception filed in this case, but owing to the insufficiency of same we are precluded from consideration of the most of them. Some of said bills complain of the admission and rejection of letters in evidence, and the admission of an alleged confession but fail to state or show the contents of said letters or said alleged confession. This court has repeatedly held that bills of exception should be made full and contain in their statements the alleged errors complained of so same will be shown from said bills without reference to any other portion of the record. These bills fail to come up to this requirement and we are unauthorized to consider those in that condition. Branch's P. C., Sec. 207, and authorities there cited, Hubbard v. State, 251 S. W. 1054.

There are three bills complaining of the argument of the assistant district attorney in his closing argument to the jury, but we deem it unnecessary to consider but one of them. This bill discloses that the said attorney in his closing argument to the jury used the following language in referring to the appellant: "Newton, where were you when this country was calling for soldiers to make the world safe for democracy? You big slacker." The court in qualifying this bill states that he instructed the jury that they could not consider

this argument and that it was improper; but the serious question remains, was this argument of such a nature as to be obviously injurious to the defendant in face of the court's attempt to withdraw it? We think so, and are at a loss to conceive or imagine any statement that could be more hurtful and prejudicial than the one used. This argument was bound to have left its impression on the jury regardless of the attempt of the court to remove it. We think our conclusions are borne out by the verdict of the jury being more than the minimum punishment allowed by law in manslaughter cases. In Branch's P. C. it is stated under Sec. 362, p. 204: "Though the court instructs the jury to disregard the improper argument of State's counsel, yet if it is of such nature as to be obviously hurtful and prejudicial it will cause a reversal." Citing many authorities. Also see Strachmer v. State, 272 S. W. 163. Fisher v. State, 272 S. W. 164.

We regret the necessity to have to reverse this case on account of this argument, which the record shows was without excuse or provocation, but under the authorities we have no other alternative and for the reasons mentioned this case is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.