### TILLMAN SIMMONS V. THE STATE.

No. 10329.   Delivered March 9, 1927.

Rehearing denied June 15, 1927.

1.—Murder—Bills of Exception—In Question and Answer Form—Insufficient.

Bills of exception in question and answer form are not in compliance with our statute, and the uniform opinions of this court. In view of the extreme penalty in this case, however, we have considered appellant's bills, in question and answer form, but perceive no error in the matters complained of by them.

**2.—Same—Confession of Accused—Its Voluntary Character—Question for Jury.**

Where the voluntary character of a confession of the accused is in issue, and the evidence is conflicting, it is proper practice to submit the question in an appropriate charge, to be determined by the jury. Following Williams v. State, 225 S. W. 177.

**3.—Same—Circumstantial Evidence—Charge On—Properly Omitted.**

Where, on a trial for murder, the appellant confessed that he and one Briscoe were acting together in the robbery of deceased, and that Briscoe shot and killed the latter, takes the case out of the category of circumstantial evidence cases, and there was no error in omitting to charge on the law of circumstantial evidence.

**4.—Same—Charge of Court—On Issue Not Raised—No Error.**

Where, on a trial for murder, the appellant having confessed to the killing in the perpetration of robbery, and there being no other evidence suggesting any manslaughter passion, there was no error in omitting to charge on that issue. See Mercersmith v. State, 8 Tex. Crim. App. 211, and Isaacs v. State, 36 Tex. Crim. Rep. 505.

**5.—Same—Principals—Who Are.**

Where two or more parties go out for the purpose of robbing another, and while so engaged, one of them kills the party being robbed, under circumstances constituting murder, all of those actually engaged in the robbery are principals, and equally guilty of murder. See Kirby v. State, 23 Tex. Crim. App. 165, and Bowers v. State, 24 Tex. Crim. App. 542.

**6.—Same—Charge of Court—No Error Shown.**

There was no error in the failure of the court to instruct the jury that the confession of the accused would not be sufficient to warrant a conviction, unless there were other facts, which showed his connection with the crime. The evidence having clearly established that the death of the deceased resulted from the criminal agency of some person, the confession of appellant was sufficient to establish his guilty connection with the homicide. See Lawson v. State, 96 Tex. Crim. Rep. 322, and other cases cited.

ON REHEARING.

**7.—Same—Jury Wheel—How Filled—Statute Construed.**

Arts. 2094 and 2095, R. C. S., does not particularize the method to be followed by the officers in performing the duty of filling the jury wheel, further than to direct that they "shall meet at the courthouse * * * and select from the list of qualified jurors * * * the jurors for service * * * for the ensuing year" by writing the names of all men who are known to be qualified jurors on separate cards of uniform size, etc., and a complaint as to the manner of so selecting and depositing the names in the jury wheel must show a mistake or injury to appellant.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction for murder, penalty assessed at death.

The opinion states the case.

*Henry Lee Taylor* and *O. B. Black* of San Antonio, for appellant.

·*C. M. Chambers,* District Attorney; *Carl Wright,* Assistant District Attorney of Bexar County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, Judge. — Conviction of murder, punishment fixed at death.

Frank Usry was shot and killed on the night of August 20, 1924. The state relied chiefly on the confession made by appellant, to establish that appellant and one Briscoe killed Usry in the perpetration of the crime of robbery. We discuss the various questions raised by appellant in the order in which the bills of exception appear in the transcript.

Those matters appearing in bills Nos. 1, 2 and 3 all relate to and are based on the legality of the filling of the jury wheel in Bexar County after this court's decision in Atwood v. State, 257 S. W. 573. The exact questions raised were before us and were discussed and decided adversely to the contention now made in the case of Matthew Briscoe v. State, No. 10345, opinion handed down February 16, 1927.

Bills of exception Nos. 4, 5 and 6 are in question and answer form, which is contrary to the statutory mandate, and would ordinarily prevent their consideration. However, in cases where the extreme penalty of the law has been inflicted we are not inclined to strict adherence to this rule. We have examined each of said bills and perceive no error in the matters complained of. Nor do we find anything in any of them deemed worthy of discussion.

Appellant took issue with the state as to the voluntary character of the confession claimed to have been made by him. The learned trial judge allowed evidence on this point and submitted the issue to the jury. This was proper. Williams v. State, 225 S. W. 177. We cannot say that the evidence does not support the conclusion that such confession was voluntary. On its face the written document complied with the statutory requirements, and a number of witnesses for the state testified denying appel-

lant's claim that there was any coercion, threats or other matters surrounding or preceding the taking of said confession, which would prevent its being freely and voluntarily made.

The testimony as to the finding in a pump-house where Matthew Briscoe worked, of a 32-20 pistol, and the introduction of said pistol in evidence, was not error. In the confession of appellant he said Briscoe had, and used, such a pistol on the occasion of the homicide. A 32-20 bullet was found in the body of deceased.

This is not a case of circumstantial evidence. The confession cf appellant that he and Briscoe were acting together in the robbery of Usry when Briscoe shot the latter, takes the case out of such category.

We find nothing in the record remotely tending to raise the issue of manslaughter. If the facts stated in the confession be true, appellant and Briscoe were robbing deceased who attempted resistance while Briscoe was going through his pockets, and Briscoe shot him. This does not suggest any manslaughter passion. Mercersmith v. State, 8 Tex. Crim. App. 211; Isaacs v. State, 36 Tex. Crim. Rep. 505. When parties go out for the purpose of robbing another and while so engaged one of them kills the party being robbed, in such fashion as to make him guilty of murder, it is the act of both, and the other is also guilty of murder. Kirby v. State, 23 Tex. Crim. App. 165; Bowers v. State, 24 Tex. Crim. App. 542.

Appellant complains that the charge did not tell the jury that the confession of the accused would not be sufficient to warrant conviction, unless there were other facts which, independent of such confession, showed his connection with the crime. There being no question but that the proof from sources other than appellant's confession, established the death of Usry as resulting from the criminal agency of some person other than deceased— the confession would be sufficient to show appellant's guilty connection with the homicide. Lawson v. State, 96 Tex. Crim. Rep. 322; Dyer v. State, 96 Tex. Crim. Rep. 301; Gandy v. State, 99 Tex. Crim. Rep. 643; Aven v. State, 95 Tex. Crim. Rep. 155.

The trial court properly told the jury, in submitting to them the question as to whether the confession was freely made, that unless they believed beyond a reasonable doubt that such confession was made voluntarily, and that the accused was warned that he did not have to make any statement at all, and that if he did make same it might be used in evidence against him on his trial—the jury could not consider such confession for any purpose.

We have tried to give this case the same degree of care and caution which we hope characterizes our investigation of all questions appearing in death penalty cases, as well as others, but finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again urges that error was committed by the trial court in admitting in evidence appellant's confession, objection being that it was not voluntary but was secured by improper conduct and threats on the part of officers. Appellant himself makes no claim that any coercion was used at the time the confession was actually given, but asserts that certain officers had abused, cursed, assaulted and threatened him on the night before and had told him if he did not make the confession they would kill him.   If his testimony should be taken as true it would have demanded the exclusion of the confession and showed most brutal conduct on the part of the officers.   However, they testified and categorically denied every act or word attributed to them by appellant upon which duress, abuse or threats could be predicated.   This raised an issue of fact which was properly submitted to the jury.   It would be going beyond our province to hold that the officers' testimony should be discarded and that of appellant and his witnesses accepted.   This was a matter to be determined by the jury under the instructions given.

Appellant also renews complaint at the manner of refilling the jury wheel.   The particular point urged is that the various officers charged with that duty while working in the same room, did not check each other's work to avoid the possibility of mistakes.   It is not averred that any mistake occurred.   Furthermore, the statute (Arts. 2094 and 2095, R. C. S.) does not particularize the method to be followed by the officers in performing the duty of filling the jury wheel further than to direct that they "shall meet at the courthouse * * * and select from the list of qualified jurors * * * the jurors for service * * * for the ensuing year," by writing "the names of all men who are known to be qualified jurors * * * on separate cards of uniform size and color," which shall be deposited in the jury wheel. We fail to find in the record anything indicating irregularity in their work of which appellant had just ground of complaint.

Appellant's confession, in connection with other testimony to

the effect that he pointed out to the officers the place where he said deceased was killed, relieved the court of the necessity of charging on circumstantial evidence.

The motion for rehearing is overruled.                *Overruled.*