## M. S. BOYER v. THE STATE.

No. 13528. Delivered October 8, 1930.

Reported in 32 S. W. (2d) 191.

The opinion states the case.

*Fletcher & Bishop* of Amarillo, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Appellant and his wife ran the Boyer Hotel in Amarillo in September and October 1929. Nothing in the record suggests that any person other than appellant had actual care, control and management of said hotel during said time. In early October officers raided the place. They found appellant there. In the first room from the lobby they found a bottle of whisky, and not far from the back steps of said hotel they found two and one-half gallons of whisky buried in the ground. One of the officers swore that in every room they searched they found from three to five empty bottles; also in the basement more empty bottles; also a number of empty jars in a shed,—some forty odd jars,—which also smelled of whisky. According to the testimony of one officer appellant said the room where they found the bottle of whisky was his bedroom. Appellant did not take the stand, but introduced the deposition of a man named Hutchinson who claimed to have buried in appellant's back yard two and one-half gallons of whisky in the early part of October 1929. The deposition was taken at a place in New Mexico. In its rebuttal testimony the State introduced several young men who testified in substance that in the latter part of September they or some one in their party bought whisky from a man at the Boyer Hotel who told them he was Boyer, and who, in the judgment of said witnesses, looked like this appellant, but who declined positively to affirm that appellant was the man.

The State's counsel in argument to the jury said: "These boys have testified they bought whiskey at the Boyer Hotel, and no one

has denied it." This argument was excepted to as being in reference to appellant's failure to testify. Under all the rules applicable a bill of exceptions must, within itself, show that the argument complained of was of such character as that the language used must convey to the jury a necessary reference to the failure of the accused to testify. Hubbard v. State, 94 Texas Crim. Rep. 485. In this case Morrow, P. J., quoting from the Huff opinion by Judge Davidson, says:

"We have another line of decisions, which seem to be unbroken, that a bill of exceptions must manifest the error complained of and be complete within itself; that this court will not refer to other portions of the record to make a complete bill of exceptions." Looking alone to this bill of exception we find nothing therein to make apparent the fact that appellant sold whisky to "these boys," or that he owned or ran the Boyer Hotel, or that their testimony in any way related to him or called for a denial from him. Said bill merely recited that when the whisky was sold these boys no one was present save the person who sold same to them, which fact was known to the court and jury. This is in no way saying that appellant sold them the whisky, and that he alone was present. Under such facts we are wholly unable to say that the bill is sufficient to make it appear that the language used in the argument was a reference to appellant's failure to testify.

There were several counts in the indictment, each charging appellant with violating different phases of the liquor law on October 7, 1929. Appellant made motions at three different stages of the trial to require the State to elect as between counts. Said motions were overruled, but when the evidence was all in the court submitted to the jury only the first count charging possession of intoxicating liquor for purposes of sale. This was an election. Moore v. State, 37 Texas Crim. Rep. 552; Rowlett v. State, 78 Texas Crim. Rep. 257; Shipp v. State, 81 Texas Crim. Rep. 328; Reynolds v. State, 92 Texas Crim. Rep. 481. We know of no authority holding, when there was an election on the part of the State as between counts, that it would be reversible error to fail to require the State to elect as between such counts, when it closed its testimony in chief, or at any other particular time prior to the giving of the charge. Railey v. State, 58 Texas Crim. Rep. 1; Collins v. State, 77 Texas Crim. Rep. 156. This would be particularly true in the absence of any showing of injury resulting from the failure of the court to sooner require an election. We find nothing in the cases cited in the able brief of appellant holding to the contrary.

A special charge, refusal of which was complained of in bill of exception No. 4, was in substance given in the main charge. We note that appellant urges that the use of the words "such liquor" in the main charge is in effect a charge on the weight of the evidence. We think it altogether unlikely that the jury could have understood anything else from said main charge than that the court was telling them that they could consider testimony of sales in aid of, if same did so aid, their determination as to whether he possessed such liquor, i. e. intoxicating liquor, for purposes of sale.

In reference to the two and one-half gallons of whisky found buried in appellant's yard, the defensive theory was that Hutchinson buried said whisky without the knowledge of or connivance on the part of appellant. In his charge the court told the jury "If you find and believe from the evidence that Hutchinson buried said whiskey there, or if you have a reasonable doubt that the defendant possessed or knew anything about said whiskey being there, then you will not consider for any purpose as against said defendant any testimony or evidence concerning said whiskey so found there." Appellant complains that this is on the weight of the evidence, and especially that part of same as follows: "Or knew anything about said whiskey being there." We are not able to agree with this contention. The part of the charge complained of was not found in any affirmative charge relating to the guilt of appellant. The court had told the jury that to be guilty of possession, etc., the actual care, control and management of the liquor would have to be shown in appellant. In this part of the charge now being discussed the court was merely telling the jury, as a part of his presentation of the theory of the defense, that if Hutchinson buried the whisky where it was found, or if appellant did not possess said whisky, or know of it, they must wholly discard proof of the finding of such liquor. We are unable to believe appellant's complaint of this charge to have merit.

Referring to the testimony of the young men which was introduced in rebuttal by the State, there appear a number of complaints, each of which has been carefully examined. Complaint is made of the fact that some of these witnesses were permitted to testify to statements made by the party whom they found at the Boyer Hotel to the effect that he was Boyer; also that such party sold them whisky; also as to the reception of testimony from the witnesses as to their opinion as to how the seller of said whisky compared in looks with appellant, etc. These young men all seem to have gone to this hotel in September, and each of them had in his mind the

purpose of getting whisky. In a general way they inquired for Mr. Boyer, or for the manager of the hotel, and in each instance a man appeared who said he was Boyer, or who asked them what they wanted, and procured for and sold to them, the whiskey they wanted. Witness Cameron said that the man he bought whisky from was about the size and complexion of appellant, the only difference being, according to his recollection, the man's hair was a little darker than that of appellant. When he went in he asked for the manager, and the man who appeared sold him the whisky, after asking him what he wanted. Cameron said he would not swear whether the man he bought the whisky from was or was not appellant. The Bradley boys testified, one of them affirming that the man he bought whisky from was in his best judgment this appellant, and the other saying that the man who furnished the whisky to his party looked like appellant. Harris was also with one of these parties who testified in substance to the same thing. Appellant makes extended complaint of the reception of this testimony and argues at length in his brief, but we are unable to agree that it is not competent. Certainly it was permissible for a man buying whisky from a man at this hotel to say that in his judgment he bought it from appellant; also for another to say that he bought it from a man who answered the name of Boyer and looked like appellant; also for another that he asked for the manager of the hotel, and the man who answered this call asked him what he wanted and sold him whisky, and was about the same size and complexion as appellant. The issues in the case turned upon the identity of the appellant from one angle, and upon the fact of his possession of whisky for the purpose of sale from another. The testimony seems admissible as shedding light upon these issues.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*