## GERALD JOHNSON V. THE STATE.

No. 17644.   Delivered February 19, 1936.
State's Rehearing Denied May 5, 1937.

The opinion states the case.

*Winfree, Mooney, Winfree & Smith,* of Houston, and *H. S. Beard,* of Waco, and *Baskett & Parks,* of Dallas, for appellant.

*Willard McLaughlin,* Criminal District Attorney, and *Frank M. Wilson,* Assistant Criminal District Attorney, both of Waco, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery with firearms; the punishment, death.

On the third of November, 1934, appellant exhibited a pistol and robbed J. B. Burch. He then required Mr. Burch to carry him in his automobile about three-fourths of a mile to the Blue Bonnet Store in Waco. Entering the store, he

robbed one of the employees. He then entered Mr. Burch's car and drove away. Later, when officers attempted to arrest him, he drew a pistol and resisted. After being arrested he made a voluntary confession. On the trial of the case he introduced no evidence. No shots were fired by appellant at the time of the commission of the robberies or at the time of the arrest, and no one was physically injured.

The confession embraced a statement to the fact that appellant knew Raymond Hamilton. Said statement was not so connected with the remainder of the confession as that its elimination would have destroyed or affected the meaning thereof. Appellant's objection to the introduction of the statement to the effect that he knew Raymond Hamilton should have been sustained. However, we do not predicate a reversal on this error.

It is shown in bill of exception No. 5 that counsel for the State, in argument to the jury, used language as follows: "It was ludicrous for counsel, when they presented no defense, to try to make this jury doubt that the gun would go off. Don't you know that if they had any doubt that the gun would go off they would have proven it? If they had doubts that the defendant was guilty they would have offered evidence to prove his innocence." Appellant objected to the argument on the ground that it was a reference to his failure to testify. Burch and appellant were alone in an automobile when the alleged robbery occurred. Appellant was the only person who could have denied Burch's testimony to the effect that appellant exhibited a pistol and robbed him. Appellant did not testify. We think that the argument obviously referred to the failure of appellant to take the stand as a witness, and that the jury could have drawn no other inference therefrom. The mandatory provisions of Art. 710, C. C. P., having been violated by the attorney representing the State, it becomes our duty to order a reversal. Singleton v. State, 245 S. W., 922; Sweet v. State, 23 S. W. (2d) 370.

The remainder of the bills of exception are not deemed to present error.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State, through the District Attorney and Assistant District Attorney of McLennan County, has filed a motion for rehearing insisting that we were in error in holding that bill of exception number five exhibited an argument which had reference to the failure of appellant to testify.

Necessarily to pass upon the question the charge against appellant and the facts must be understood. It was alleged in the indictment that appellant, by the use of a pistol assaulted Burch, and took from him thirty dollars. Burch was a used car salesman. On the pretense of either buying or trading appellant got Burch to demonstrate a car. The evidence is undisputed that while on some street in the city of Waco at a time when no one was present save Burch and appellant the latter robbed Burch of thirty dollars, and then forced him to drive to the Blue Bonnet Grocery store where appellant robbed the cash register. He left Burch in the store, driving away in Burch's car. The confession of appellant was introduced in evidence, which admitted the facts as above related. Appellant did not testify and no evidence for him was introduced.

Bill of exception number five prepared by appellant's attorney was refused, and said bill as found in the record was prepared by the trial court in lieu of the refused bill. The argument complained of follows:

"I ask you to remember how counsel for the defendant tried to make the witness admit that probably the firing pin was out of order. 'Do you think it would kill a man?' or 'Did he hold his finger on the trigger?' It was ludicrous for counsel when they presented no defense to try to make this jury doubt that the gun would go off. Don't you know that if they had any doubt that the gun would go off they would have proven it? If they had doubts that defendant was guilty they would have offered evidence to prove his innocence."

The argument was excepted to as being a reference to the failure of defendant to testify. The bill then sets out certain questions and answers regarding the pistol and whether or not it would shoot, the trial court apparently having in mind the first part of the argument regarding the pistol. The bill then recites that the confession of appellant admitting the robbery as alleged in the indictment was introduced in evidence by the State without objection. The bill then certifies as follows:

"Be it remembered that defendant himself was not the only person who could deny or explain the transaction or events which were testified to by the witnesses for the State, and which were admitted by defendant; that the testimony showed and was uncontroverted that Mr. Wright was in the Duncan-Smith Company's place of business at the time that the defendant came in and began talking to the complaining witness; that two customers were in the Duncan-Smith Company's offices in the presence of the defendant at said time; that Mr. John Duncan, deputy sheriff, saw the defendant soon after the events testified to, and before he was arrested; that a chauffeur for Mrs. Wigley was in the Blue Bonnet Store; that customers were in the Blue Bonnet Store; that the 'boss' of the Blue Bonnet Store was in said store at the time defendant was in said store with complaining witness; that the witness, R. F. Wooley, indicated that there were other persons in his place of business at the time of the arrest of the defendant; that defendant himself admitted in his confession that he spent the night in Waco at a hotel and asked persons where the Ford place was; that defendant admitted in his confession, which was admitted without objection to its admission, that the events testified by the witnesses was correct; that the defendant was therefore not the only person who could have produced proof or testified as to a denial or explanation of the facts testified to by the State's witnesses; * * *"

The bill when considered in its entirety shows what was in the court's mind when he certified that appellant was not the only person who could deny or explain the events testified to by State's witnesses. There is no doubt that witnesses other than appellant were available who might have been called to testify as to matters occurring before appellant and Burch left Duncan-Smith's place of business; also regarding the things occurring at the grocery store, and after appellant's arrest. It appears from the bill that these were the things the court had in mind as refuting the claim that the argument complained of was objectionable. The court was familiar with the facts. He knew no one but appellant and Burch were in the car when Burch was robbed of his money. We cannot believe the court ever intended to certify that other witnesses were available on that issue. Burch's testimony and appellant's confession made out a case of robbery when the money was taken; that was the charge upon which appellant was being tried, not for appropriation of the car which culminated at the store, and

not the robbery at the store. No one being present at the time of the robbery on trial save appellant and Burch, there being no one who could deny the truth of the confession save appellant himself, no one save appellant who could assert his innocence of the robbery as claimed by Burch it seems impossible to escape the conclusion that the closing words of the argument, viz.: "If they had doubts that defendant was guilty they would have offered evidence to prove his innocence," of necessity under the facts referred to appellant's failure to testify. Because the attorney making the argument used the word "they" as referring to appellant's counsel could in no way save the situation when it is plain that they could offer no evidence upon that point save that of appellant himself. See Boone v. State, 90 Texas Crim. Rep., 374, 235 S. W., 580; Hubbard v. State, 94 Texas Crim. Rep., 481, 251 S. W., 1054; Howard v. State, 108 Texas Crim. Rep., 373, 1 S. W. (2d) 289. We think no part of the argument was a necessary reference to appellant not having testified, save that part last above quoted.

It might be urged that the objection going to the argument in its entirety renders the bill questionable in form. The bill having been prepared by the court appellant should not be too harshly criticized for the form thereof. This court in death penalty cases has always been inclined to relax the strictness as to bills and look to the entire record to determine the questions presented. Simmons v. State, 107 Texas Crim. Rep., 504, 296 S. W., 513; Grogans v. State, 121 Texas Crim. Rep., 503, 50 S. W. (2d) 290; Briscoe v. State, 106 Texas Crim. Rep., 402, 292 S. W., 893; Vaugh v. State, 102 Texas Crim. Rep., 618, 280 S. W., 772; Hornsby v. State, 91 Texas Crim. Rep., 166, 237 S. W., 940.

The State's motion for rehearing is overruled.

*Overruled.*

LATTIMORE, JUDGE (dissenting).—The State moves for rehearing, asserting that the argument of the State's attorney, complained of in bill of exceptions No. 5, on which alone this case was reversed,—was not in any sense such as would make of the statement a necessary reference to the failure of the appellant to testify, and hence that the reversal was erroneous.

The accused was not mentioned or directly referred to in the argument, which we here set out at greater length than appears in our original opinion. The State's attorney said:

"I ask you to remember how counsel for the defendant tried

to make the witness admit that probably the firing pin was out of order. 'Do you think it would kill a man?' or 'Did he hold his finger on the trigger?' It was ludicrous for counsel when they presented no defense to try to make this jury doubt that the gun would go off. Don't you know that if they had any doubt that the gun would go off they would have proven it? If they had doubts that defendant was guilty they would have offered evidence to prove his innocence."

The objection made and exception taken was to the whole of what we have quoted and not to any single part of same. Analysis of same seems to make clear that all of said remark, in word and intent, was a criticism of the manner and form of the conduct of appellant's defense by his counsel. It will be noted that throughout the word "They" was used. For instance, "It was ludicrous for counsel when *they* presented no defense to try to make this jury doubt that the gun would go off. Don't you know that if *they* had any doubt that the gun would go off *they* would have proven it? If *they* had doubts that defendant was guilty *they* would have offered evidence to prove his innocence."

Mr. Branch in Sec. 374 of his Annotated P. C. cites many authorities as supporting the proposition that if State's counsel in argument asks why defendant did not deny or show certain facts, this is not a reference to the failure of defendant to testify if he could have shown or denied such matters by another than himself, citing Arnold v. State, 38 Texas Crim. Rep., 7; Nite v. State, 41 Texas Crim. Rep., 352, and others. This is followed by the statement, in substance, by Mr. Branch that the bill of exceptions making such complaint must in and of itself show as a fact that defendant was the only person who could make such denial or explanation, citing Huff v. State, 103 S. W. Rep., 395; Reinhard v. State, 52 Texas Crim. Rep., 63, and others. We quote from what Judge Davidson says in Huff v. State, supra, as follows:

"But we have another line of decisions, which seem to be unbroken, that a bill of exceptions must manifest the error complained of and be complete within itself; that this court will not refer to other portions of the record to make a complete bill of exceptions. This bill does not show on its face that appellant was the only other party present at the time of the purchase of the whisky except the witness Bolt. In order to make this bill complete, it should have been shown by its terms that there were no other witnesses present except

defendant and Bolt, or it should have shown, if it was a question of alibi, that there were no other witnesses by whom appellant could prove the alibi except himself. There may have been other witnesses present so far as this bill of exceptions is concerned, and we will not aid a bill by presuming there were not other witnesses present. This should have been shown on the face of the bill itself. As presented, the bill of exceptions does not require a review of the question, or, rather, require the court to reverse for this reason. The bill is too indefinite and uncertain."

This holding has often been approved. See Boone v. State, 90 Texas Crim. Rep., 374; Hubbard v. State, 251 S. W. Rep., 1054. In the case last cited Judge Morrow quotes from Boone v. State, supra, as follows:

"The statute is not shown to have been infringed, however, by disclosing that counsel, in argument, used language which might be construed as an implied or indirect allusion to the failure of the accused to testify. To come within the prohibition the implication must be a necessary one, that is, one that cannot reasonably be applied to the failure of the accused to produce other testimony than his own. Where there is other evidence or the absence of other evidence to which remarks may reasonably have been applied by the jury, the statute is not transgressed."

On this point see also Newton v. State, 275 S. W. Rep., 1055; Lindsey v. State, 276 S. W. Rep., 714; Quinn v. State, 279 S. W. Rep., 459, in which Judge Hawkins cites numerous other authorities. See also Boyer v. State, 32 S. W. (2d) 191.

Applying what we have been discussing to the facts before us in the instant case, it will be noted that not only does the bill in question fail to show that from no person other than appellant could proof have been made that the gun would not go off, and that no person other than appellant could have had knowledge of the facts going to show appellant's guilt or innocence,—but on the contrary the trial judge certifies in said bill as follows:

"Be it further remembered that defendant himself was not the only person who could deny or explain the transaction or events which were testified to by the witnesses for the State, and which were admitted by defendant," which quoted part of the bill is followed by setting out therein the names of persons who were present and in a position to see and know the facts of the alleged robbery,—who were not used as witnesses, and then it is stated as follows:

"That defendant admitted in his confession, which was admitted without objection to its admission, that the events testified by the witnesses was correct; that the defendant was therefore not the only person who could have produced proof or testified as to a denial or explanation of the facts testified to by the State's witnesses."

It follows that in the opinion of the writer said bill of exceptions wholly fails to manifest reversible error.

No other ground for reversal appears, or is upheld by this court. That this appellant committed a crime of gravity enough to call for a death penalty, both at the hands of the jury and in the enforcement of the statute, is plain, and uncontroverted. With utmost respect, it seems to the writer wholly wrong to reverse for the reason stated, when the record is as above stated, and I can not agree to such course.

I respectfully dissent.