## C. B. SORRELL v. THE STATE.

No. 19634. Delivered October 19, 1938.
Rehearing denied November 23, 1938.

536

The opinion states the case.

*Clifford L. Stone,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of murder without malice and awarded a penalty of five years in the penitentiary.

Appellant's first five bills of exceptions relate to the sufficiency of the evidence, which we shall later discuss.

Bill of exceptions No. 6 is incomplete in that nowhere therein is it stated what the objected to testimony was. We can not read the whole statement of facts in order to find such. See Hubbard v. State, 251 S. W. 1054; Salinas v. State, 18 S. W. (2d) 663. To the same effect is bill No. 7, and subject to the

same ruling. We also find bill No. 8 subject to the same objection.

Bill of exceptions No. 9 relates to a question propounded to the appellant while on the witness stand by the district attorney as follows: "Did you ever engage in the sale of any purported counterfeit money?" The appellant's attorney immediately objected, and the court stated: "The objection is sustained and the question withdrawn, and stricken from the record as not to be considered for any purpose whatsoever." In the light of the whole record, and in view of the prompt action on the part of the trial court, we do not think error is shown in such bill.

Bill of exceptions No. 9-A is but a replication at great length to the just above noticed bill and is ruled upon the same as bill No. 9.

Bill of exceptions No. 10 relates to the misconduct of the jury in that it is alleged that they held certain communications with the trial court outside the presence of appellant and his attorney. The trial court in his qualification thereto states that no such communication was had. There is no testimony of any kind showing any communication. The bill shows no error.

Bill of exceptions No. 11 complains of the argument of the private prosecutor in his closing argument to the jury as follows: "Grover Dowlearn sleeps somewhere alone in the grave as a result of bullets at the hands of his assassin." The court qualifies this bill by saying that "Counsel was drawing deductions and conclusions from the record as introduced." After having read the record, and familiarizing ourselves with the State's theory, we agree with the learned court. Webster says that an assassin is one who kills, murders, slays, and though the element of a treacherous killing might be implied from the bare use of the word "assassin," nevertheless we think that the argument complained of is not sufficiently objectionable to cause the jury to have been misled thereby, nor to have given an extra heavy verdict on account of such argument. This bill is overruled.

Bill of exceptions No. 12 is also relative to the argument of the private prosecutor wherein he used the words: "Grover Dowlearn [the deceased] had a right to look up and demand of this man [appellant] the return of his money." It is evident from the statement of facts that these parties were evidently mixed up in a deal in regard to $500.00 in counterfeit money, and although the details are not clear, we see no error in such

a statement before the jury. To practically the same effect as bill No. 11 is bill No. 13, and it is also overruled.

Bill of exceptions No. 14 is relative to the court's charge, and complains because the court charged the jury on murder without malice. We think the charge was properly called for by the facts proven in the case.

We also find no error in the court's charge as complained of in bills Nos. 14-A, 15, 17 and 18.

Bill No. 19 complains of certain misconduct of the jury in their deliberations in that they discussed the statements of the private prosecutor that are complained of in bills Nos. 11, 12 and 13. In the first place we do not think such discussion would have been error; in the second place the court qualifies this bill by saying: "There is not one line of evidence in the record that the jury ever mentioned this argument." This bill reflects no error. To the same practical effect is bill No. 20, and the same ruling thereon.

Bill of exceptions No. 21 is a complaint alleging misconduct of the jury. We find in such bill a statement from a deputy sheriff, in charge of the jury, as follows:

"Q. From the afternoon of October 27th to 10 o'clock of the 29th did you carry any message of communication from the foreman of the jury to Judge Brown [the district judge]? A. I think on the evening of the second day, which would be the 28th, I did. Q. What time in the afternoon was that, if you recall? A. I could not be positive,—it was around 3 or 4 o'clock in the afternoon. I am not certain, but that is my best remembrance. Q. Do you know the contents of the note? A. I do not. Q. Did Judge Brown, or the court, send back any message to the jury by you? A. He had no message for them."

This bill is qualified as follows: "The court had no communication with, used no type of coercion on and permitted no kind of communication with this jury." Under this qualification no error is manifested, and this bill is overruled.

Bill No. 22 complains because the appellant was not allowed to testify relative to a trip that his brother Warren Sorrell made for the purpose of obtaining the services of a doctor for appellant who was sick at that time. To practically the same effect is bill No. 23. The court's qualification to both bills is the same, and is to the effect that appellant did testify to the matter which was excluded in the two above bills, thus disclosing no error.

We have also considered bill of exceptions No. 24 and see no error reflected therein.

Bill No. 25 is in the same condition as bills Nos. 22 and 23, and qualified in the same language, and no error is reflected therein.

We have attempted to carefully consider all the bills of exception in the record as well as the facts presented to us, and it seems to us that the careful trial judge has accorded the appellant all the rights guaranteed to him under the law, that he has had a fair trial, and perceiving no error, this judgment is affirmed.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our re-examination of the record in the light of the appellant's motion for rehearing leads us to the conclusion that the proper disposition of the appeal was made upon the original submission. The motion for rehearing is therefore overruled.